## UNITED STATES v. REILLEY.

*(Circuit Court, D. Nevada. April 7, 1884.)*

CRIMINAL LAW—EMBEZZLEMENT NOT AN INFAMOUS CRIME.

Embezzlement is not an "infamous crime" within the intention of the fifth amendment of the constitution, and hence a person charged therewith may be tried without the intervention of a grand jury.

Information for Embezzlement.

*Trenmor Coffin,* U. S. Atty., for the United States.

*W. W. Bishop,* for defendant.

SAWYER, J. Motion to rescind the order made by United States District Judge HILLYER granting leave to file an information for embezzlement by a postmaster, and to strike the information from the files, the case having been transferred to the circuit court for trial. I have no doubt that the court has jurisdiction to try offenders for misdemeanors and offenses not capital or otherwise infamous, upon informations filed by leave of the court, and that the offenses charged in this case are not infamous. Whether the information presents a proper case for granting leave to the United States attorney to file it, is a question for the exercise of a sound discretion by the court. Generally, in this circuit, unless for some substantial reason the court otherwise determines, it has been required that the party charged shall be examined and held to answer by some committing magistrate, or else that evidence showing probable cause should be made to appear in some proper form before granting leave. In this case the information was verified by the direct, positive affidavit of the United States attorney, and, upon being arrested upon a warrant issued thereon, the prisoner was examined and held to answer for the offense set out in the information. I think the circumstances are sufficient to justify a refusal to vacate the order granting leave, and to strike the motion from the files. For authorities sustaining this action see Spear on the Law of the Federal Judiciary, 406, and the authorities there cited. See, also, *U. S. v. Shepard,* 1 Abb. (U. S.) 437; *U. S. v. Waller,* 1 Sawy. 701; *U. S. v. Block,* 4 Sawy. 211; *In re Wilson,* 18 FED. REP. 33; Thatch. Pr. 650–652, and cases cited.

Let an order be entered denying the motion.

See *U. S. v. Field,* 16 FED. REP. 778, and note, 779, and *U. S. v. Petit,* 11 FED. REP. 58, and note, 60.—[ED.