# NEWPORT COUNTY.

———♦———

## STATE *vs.* GEORGE F. NOLAN.

The Constitution of Rhode Island, art. I. § 7, provides : "No person shall be held to answer for a capital or other infamous crime unless on presentment or indictment by a grand jury, except in cases of impeachment, or of such offences as are cognizable by a justice of the peace." . . .

*Held*, that the words "infamous crime" do not include all offences punishable by imprisonment.

*Held*, further, that this constitutional provision was not infringed by the grant to district courts, although without juries, of power to punish by imprisonment.

Public Laws R. I. cap. 596, §§ 15, 30, of May 27, 1886, confer by implication on district courts jurisdiction of offences under § 8 of the same chapter.

A complaint charging that the defendant did "offer to sell, sell, and suffer to be sold" intoxicating liquors, is not bad on account of duplicity.

EXCEPTIONS to the Court of Common Pleas.

*Providence, May* 5, 1887. STINESS, J. The complaint in this case was made to the justice of the District Court of the First Judicial District. The warrant was issued by him, and the defendant, having been brought before and adjudged guilty by said court, appealed to the Court of Common Pleas. In the appellate court the defendant moved to dismiss the complaint and appeal because the District Court had no jurisdiction of the case. The motion was overruled, and the defendant comes to this court upon exceptions. One of the grounds upon which the lack of jurisdiction is urged is, that the Constitution provides that "No person shall be held to answer for any capital or otherwise infamous crime, unless on presentment and indictment by a grand jury." He claims that the words "infamous crime" mean a crime which involves an "infamous" penalty, or one punishable by loss of life, liberty, or limb; and hence that every offence punishable by a sentence of imprisonment is included within the term "infamous crime." The meaning of these words has frequently been passed upon by courts, sometimes in regard to jurisdiction, as in this case, but chiefly in regard to the disqualification at common law of witnesses who had been convicted of crimes deemed infamous. Certain crimes, as treason, murder, and other felonies, have always been deemed infamous; and formerly crimes for which ignominious and personally degrading punishments were inflicted were also deemed infamous. Since punishments of this character have been generally abandoned, there has been some diversity of decision as to the scope of the words "infamous crime." Some courts have held that it is to be determined solely by the character of the crime, and not by the punishment. *People* v. *Whipple*, 9 Cow. 707; *United States* v. *Baugh*, 4 Hughes, 501, 1 Fed. Rep. 784; *Commonwealth* v. *Dame*, 8 Cush. 384; *United States* v. *Block*, 4 Sawyer, 211; *United States* v. *Yates*, 6 Fed. Rep. 861; *United States* v. *Field*, 21 Blatch. 330; *United States* v. *Brock-*

*ius*, 3 Wash. C. C. 99. See, also, Wharton on Criminal Evidence, § 363; 1 Bishop on Criminal Law, § 972; 1 Greenleaf on Evidence, §§ 372, 373.

In other cases it is held that, although imprisonment has become the common form of punishment, it is still to be regarded, to some extent at least, in determining a question of jurisdiction; for, since the consequences of statutory offences are often equally serious with those of felonies, the constitutional right of presentment by a grand jury is equally important, and should therefore be held to be equally guaranteed. *Ex parte Wilson*, 114 U. S. 417; *Jones* v. *Robbins*, 8 Gray, 329. In both these cases the point decided is that a crime punishable by imprisonment for a term of years at hard labor is an " infamous crime ; " and in each case a distinction is recognized between such crimes and minor offences punishable by sentences to a jail or house of correction.[1]

Whatever difference of opinion may exist as to the infamy of the former, we know of none in regard to the latter class of offences.

The power of police and justice courts to impose sentences of imprisonment in penal institutions upon complaints for petty crimes and misdemeanors, saving of course a right of trial by jury on appeal, seems to have become established by common consent. The administration of criminal law would be cumbersome indeed if every offence punishable by imprisonment could only be prosecuted upon indictment. In some cases it might be very oppressive; for a person unable to give bail might be obliged to suffer confinement awaiting the action of a grand jury for a longer time than the term of his sentence would be; for example, in a case like this one, where the sentence could only be imprisonment for ten days.

In *United States* v. *Maxwell*, 3 Dill. 275, upon an information

---

[1] The statute of the State of Rhode Island, Pub. Stat. R. I. cap. 248, § 36, is : " Unless otherwise provided, every person sentenced to imprisonment for a term of one year or more shall be imprisoned in the state prison and there kept at hard labor, and every person sentenced for a term less than one year shall be imprisoned in the county jail in the county where he shall have been convicted, or in the state workhouse and house of correction, unless sentenced by the Supreme Court or Court of Common Pleas to be imprisoned in the jail in some other county."

charging violations of the revenue laws, the defendant's motion in arrest of judgment, upon the same ground that is urged in this case, was overruled. Judge Dillon said: " The words 'infamous crime' have a fixed and settled meaning. In a legal sense they are descriptive of an offence that subjects a person to infamous punishment, or prevents his being a witness. The fact that an offence may be, or must be, punished by imprisonment in the penitentiary, does not necessarily make it in law infamous."

The usage in this State accords with the doctrine thus expressed. Before the adoption of the Constitution, justices of the peace were authorized to impose sentences of imprisonment not exceeding one month for certain offences. Laws of R. I., Digest of 1822, pp. 148, 149. Immediately after the Constitution was adopted, the jurisdiction was extended to all offences punishable by imprisonment in a county jail not exceeding three months. Laws of R. I., Digest of 1844, p. 103. It has remained substantially the same ever since.

We are of opinion that the words " infamous crime," as used in the Constitution, do not include every offence punishable by imprisonment, and that the motion to dismiss for want of jurisdiction in the District Court upon this ground was rightly refused.

A second reason urged in support of the motion is that the statute which confers jurisdiction upon district courts, in general terms, limits it to cases " punishable by fine, not exceeding twenty dollars, or by imprisonment not exceeding three months; and of all other criminal matters which are or shall be declared specially to be within the jurisdiction of such courts by the laws of the State, which shall be legally brought before such court." Pub. Laws R. I. cap. 598, § 2, of May 27, 1886.

As the punishment for the offence set forth in this complaint is a fine of twenty dollars and imprisonment for ten days, it is contended that this is not included under an authority to fine or imprison, and that special jurisdiction is not given to the District Court. The same question, under statutes similarly expressed, was before the court in State v. Fletcher, 13 R. I. 522. While it was there held that jurisdiction of offences punishable by fine and imprisonment was not conferred upon justice courts by a statute

giving such courts jurisdiction of offences punishable by fine *or* imprisonment, it was also held that provisions similar to those contained in sections 15 and 30 of the present act [1] did confer jurisdiction by implication. To this it may be added that this act, like those which preceded it, allows appeals to the Court of Common Pleas by any person convicted before a district court; and under similar jurisdictional provisions, the authority of justice and district courts, and of the Court of Common Pleas on appeal, have uniformly been recognized since 1875, when fine and imprisonment were first combined in the penalty for illegal sales of liquor. We think, therefore, that this act was intended to give, and does give, jurisdiction to district courts of offences under section 8.

A motion to quash, upon the ground of duplicity, because the complaint charges that the defendant did " offer to sell, sell, and suffer to be sold," was also made and overruled and exceptions taken.

In *State* v. *Wood*, 14 R. I. 151, this court states the rule in such cases to be, that where several cognate acts are forbidden, disjunctively, the complaint or indictment may ordinarily charge them all conjunctively in a single count. It is said in *State* v. *Schweiter*, 27 Kans. 499, 506 : " The rule is well settled that where the statute makes either of two or more distinct acts, connected with the same general offence and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together but one offence. In such cases, the several acts are construed as so many steps or stages in the same affair, and the offender may be informed against as for one combined act in violation of the law, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction."

So in *Commonwealth* v. *Eaton*, 15 Pick. 273, an indictment charging the defendant, in one count, with offering to sell and

---

[1] Pub. Laws R. I. cap. 596, of May 27, 1886.

selling a lottery ticket was not bad for duplicity. The court say : " On conviction he will be only liable to one penalty." " It is true that an offer to sell, without selling, a ticket, is an offence by the statute ; but an offer to sell and actually selling is but one offence. A sale, *ex vi termini*, includes an offer to sell." The following cases, in which counts charging distinct acts have been held not to be bad for duplicity, further illustrate the rule : " Illegal sale and illegal keeping." *Commonwealth* v. *Foss*, 14 Gray, 50. " Unlawfully keep, offer for sale, and sell " bad milk. *Commonwealth* v. *Nichols*, 10 Allen, 199. " Unlawfully did expose and keep for sale." *Commonwealth* v. *Curran*, 119 Mass. 206 ; *Commonwealth* v. *Dolan*, 121 Mass. 374. See, also, *United States* v. *Hull*, 4 McCrary, 272 ; *Commonwealth* v. *Miller*, 107 Pa. St. 276.

The case, *State* v. *Colwell*, 3 R. I. 284, as reported, seems to hold that selling, and suffering to be sold, are distinct offences ; but it is evident, from the authorities relied on by the court, that the point decided was that a charge of several matters in the disjunctive, either one of which would sustain the complaint, and to this extent therefore distinct offences, was bad for uncertainty, and that the several charges, joined by the copulative " and," would not be objectionable.

We think the motion to quash was properly overruled.

The letter offered in evidence was properly excluded for want of identification as the letter of the witness.

*Exceptions overruled.*

*Edwin Metcalf*, Attorney General, for plaintiff.

*Charles E. Gorman & Patrick J. Galvin*, for defendant.