Sutherlin *v.* Sutherlin.

### SUTHERLIN *v.* SUTHERLIN.

[No. 3,848. Filed October 1, 1901.]

DIVORCE.—*Causes.—Infamous Crime.—Manslaughter.*— Manslaughter is an infamous crime within the meaning of §1044, subdivision seven, Burns 1901, providing as a cause for divorce "the conviction, subsequent to the marriage, in any country, of either party, of an infamous crime."

From Marshall Circuit Court; *A. C. Capron,* Judge.

Action by Edith Sutherlin against William Sutherlin for divorce. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. C. Martindale* and *S. N. Stevens,* for appellant.

*J. C. Capron,* for appellee.

HENLEY, J.—This was an action for divorce. It is averred in the complaint as the sole ground for divorce that the appellant has since his marriage with appellee been convicted in the Marshall Circuit Court of the crime of manslaughter and has been sentenced to the penitentiary of the State of Indiana for a term of twenty years, and was at the time of the filing of the complaint confined in said prison under such judgment of the court. Appellant demurred to the complaint for want of facts. His demurrer was overruled, and upon trial appellee was granted a divorce. The only question discussed upon appeal arises from the action of the

trial court in overruling appellant's demurrer to the complaint.

Counsel for appellant contend that the crime of manslaughter is not an infamous crime within the meaning of §1044 Burns 1894. With this contention we are unable to agree. Manslaughter is a felony, and we think that the legislature intended that the conviction of either party, in any country, after the marriage, of any crime, the punishment for which was death or imprisonment in the state prison should be a sufficient cause upon which to decree a divorce to the innocent party. In this State all crimes and public offenses which may be punished with death or imprisonment in the state prison are denominated felonies. §1642 Burns 1894. In 1 Greenleaf on Ev., §372, it is said in speaking of what are infamous crimes: "The usual and more general enumeration is, *treason, felony,* and the *crimen falsi.*" It was also held in *United States* v. *Field,* 16 Fed. 778, that "infamous crimes are convertible with felonies", and to the same effect see Wharton's Am. Law, §561. By §79, c. 54, R. S. 1843, it is provided that "Every person, who may hereafter be duly convicted of the crimes of treason, murder, rape, arson, burglary, robbery, manstealing, forgery, or wilful and corrupt perjury, shall, ever after such conviction, be deemed infamous," etc.

Without deciding that manslaughter might be included within the crime of murder as designated in the above statute, it is sufficient to say that this statute is repealed and is no longer the law in this State. See §1, c. 92, 1 R. S. 1852, p. 430. There is no error. Judgment affirmed.