STATE *vs.* PROVIDENCE GAS COMPANY.

PROVIDENCE—MAY 2, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Indictments.   Fines.   Polluting Public Waters.   Nuisance.*

The offence of polluting the waters of the Providence river defined by Gen. Laws cap. 118, § 6, is one for which an indictment will lie, and the fine imposed by said chapter is properly recovered in this manner.

(2) *Indictments.   Criminal Pleading.   Duplicity.*

The joinder of distinct offences in the same indictment is neither cause for demurrer nor for a motion in arrest of judgment, but only for a motion to quash, which is always addressed to the discretion of the court.

(3) *Indictments.   Duplicity.*

To charge conjunctively the commission of cognate offences forbidden disjunctively in a statute, does not make a count in an indictment bad for duplicity.

(4) *Indictments.   Certainty.   Misdemeanors.*

In charging misdemeanors, certainty to a common intent is sufficient.

(5) *Indictments.   Nuisance.   Ownership of Property Defiled.*

In an indictment under Gen. Laws cap. 118, § 6, for polluting the waters of the Providence river, it is not necessary to allege the ownership of the property defiled.

INDICTMENT alleging the pollution of the public waters of the Providence river.   Heard on demurrer, and demurrer overruled.

DUBOIS, J.   The defendant was indicted under the provisions of Gen. Law R. I. cap. 118, § 6, for the commission of a nuisance in polluting the public waters of the Providence river, upon two indictments, the first of which charges an offence committed on the seventh day of June, 1904, and the second charges the defendant with a like offence upon the second day of July, 1904.

The defendant has demurred to both indictments, for the five reasons following:

1. "The offence set forth in said indictment is not an offence for which an indictment will lie under the laws of this State."

2. "The penalty imposed by the laws of this State for committing the offence wherewith the defendant is by said indictment charged can not, under the laws of this State, be recovered by indictment."

3. "The indictment charges the defendant, in the same count, with the commission of separate and distinct offences."

4. "The indictment does not allege that the oil, tar, water-gas tar, and other noxious and defiling materials and products which the defendant is charged with allowing to escape into and permitting to be deposited in the waters of Providence river and harbor, were permitted to be deposited by persons under the control of the defendant, or allowed to escape from the premises of the defendant, or from premises under its control, or that it was in any way within the power of the defendant to control or prevent the escape or deposit of said oil, tar, water-gas tar, and other noxious and defiling materials and products into said waters."

5. "The ownership of the property defiled by the oil, tar, water-gas tar, and other noxious and defiling materials and products in the indictment mentioned, is not alleged in the indictment."

(1) The statute under which the indictments were brought describes the common-law misdemeanor of nuisance and prescribes a penalty therefor by fine of one hundred dollars for each offence. It is a declaratory statute. The word "fine," as used in the statute, has its primary signification, viz.: "pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor." Bouvier Law Dic. Rawle's ed. vol. 1, p. 786. "In ordinary legal language, the term 'fine' means a sum of money, the payment of which is imposed by a court according to law, as a punishment for a crime or misdemeanor." Am. & Eng. Ency. L. vol. 13 2nd ed. 13, p. 53.

The law relative to the recovery of fines, penalties, and forfeitures is contained in Gen. Laws cap. 288, §§ 1, 3, 4, 11, and 12.

Section 1 reads as follows: "Unless otherwise provided, all fines of twenty dollars and under shall be recovered by com-

plaint and warrant; all fines of upwards of twenty dollars, by indictment; all penalties and pecuniary forfeitures, by action of debt; and all forfeitures of personal property, by complaint and warrant or by information."

And by section 3: "Unless otherwise specially provided, all fines recovered shall be to the use of the State; and all penalties and pecuniary forfeitures, one-half thereof to the use of the state and one-half thereof to the use of the person who shall sue for the same; all forfeitures of personal property shall be disposed of as by law shall be provided."

It has been held that provisions of this kind are not inconsistent with the provision that fines shall be recovered by indictment if above twenty dollars, as is the case before us. They are perfectly consistent with it. *State* v. *Slocum*, 9 R. I. 373, at p. 377.

Under section 4: "All fines, penalties, and forfeitures, whether of money or property, of twenty dollars and under or of the value of twenty dollars and under, shall be prosecuted before a district court; if upwards of twenty dollars in amount or value, before the common pleas division of the supreme court, unless otherwise specially provided."

By section 11: "All fines and penalties and forfeitures to the use of the state, shall be paid over to the general treasurer, unless otherwise specially provided;" and under section 12: "Whenever a fine is recovered under any statute of this state, . . . the one-half of which may be due the state, or any society, or to any person, as complainant, the whole of said fine shall be accounted for with the state auditor and paid to the general treasurer; . . . the one-half fine due any society, or to any person, as complainant, shall be paid by the general treasurer upon order of the state auditor, and the state auditor shall draw his order whenever he shall receive a proper return or certificate from the justice or clerk of the court wherein said fine was imposed."

In the statute under consideration there is no special provision bringing the recovery of the fine within the terms of the exception, and therefore it comes within the general rule and is properly recoverable by indictment. The word "fine" as

used in the statute is certain and unambiguous, and therefore it would be idle to consider what construction, favorable to the accused, ought to be given in case we were in doubt as to the meaning of the word.   For these reasons the first and second grounds of demurrer are untenable.   The offence was appropriately placed within Gen. Laws, title XIV, "Of internal police," which includes statutes for the suppression of nuisances and of intemperance, for the prevention of disease and for the protection of religious meetings, with penalties for the infraction of these laws; rather than under Gen. Laws, title XXX, "Of crimes and punishments."   The fact that the amount of the fine is fixed instead of being left to the discretion of the court within certain limits is of no consequence. This is not an unusual provision under title XIV.   See cap. 91, "Of nuisances," §§ 10, 12; cap. 94, "Regulations for prevention of diseases," §§ 1, 3, 21, 23, 24, 26; cap. 101, "Of licensed houses," §§ 3, 6;   cap. 102. "Of the suppression of intemperance," §§ 7, 13, 14, 26, 27, 28, 55; cap. 103, "Of shows and exhibitions," § 4; cap. 104, "Of bowling alleys," etc., §§ 2, 4, 12;   cap. 105, "Of pawnbrokers," § 2;   cap. 110, "Of firearms and fireworks," §§ 4, 5;   cap. 111, "Of dogs," § 10;   cap. 112, "Of birds," §§ 1, 2, 3, 4, 6, 8, 15.

The third ground stated is not open to the defendant on demurrer: it alleges duplicity.

"The joinder of distinct offences in the same indictment is neither cause for demurrer, nor for a motion in arrest of judgment, but only for a motion to quash, which is always addressed to the discretion of the court."    Ames, C. J., in State v. Colter, 6 R. I. 195.   But we find no duplicity.   To charge conjunctively the commission of cognate offences forbidden disjunctively in a statute does not make a count in an indictment bad for duplicity.   State v. Nolan, 15 R. I. 529.   The indictments distinctly charge the defendant with the commission of the offence.   The words "did then and there deposit in," "did then and there cause . . . to be deposited in," are direct averments of positive acts, and it is not necessary to consider whether every averment in the indictments is sufficiently explicit, provided that there are definite allegations of the

(4) offence charged.  "In charging misdemeanors certainty to a common intent is sufficient, and the same strictness is not required as in indictments for felony."  Ency. Pl. & Pr. 10, p. 475 n.  Consequently the fourth ground of demurrer can not be sustained.

(5)  The fifth ground of demurrer is without merit; it is not necessary to allege the ownership of the property defiled.  The offence was committed and completed when the noxious materials were deposited into the river, by which act the public waters were defiled and made the vehicle for the conveyance and transmission of the defiling substances.  This was the nuisance contemplated by the statute.  It was a public nuisance because committed upon and in the public highway leading to and from the sea.  The further facts alleged, that, in the course of their tidal migrations, the volatile, forbidden, and defiling elements successively defiled vessels, boats, other property, and the shores, while incidentally and unfavorably affecting fish and shell fish, and that it occasionally or continually emitted disagreeable odors, only charges the manner in which their inherent qualities were made manifest.

For these reasons the demurrers are overruled, and the cases are remanded to the Common Pleas Division for further proceedings.

*William B. Greenough, Attorney-General,* for State.
*Edwards & Angell,* for defendant.