*William G. Rich, Waterman & Greenlaw, Charles E. Tilley,* for plaintiff.

*Greene & Rousseau,* for defendant.

---

## STATE *vs.* ALBERT E. BUSSAY.

### JANUARY 26, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Criminal Complaint.  Lewd and Wanton Person.  State Workhouse. Jurisdiction.  Appeal.*

The offence under Gen. Laws, 1909, cap. 347, § 25, providing that "every lewd, wanton or lascivious person in speech or behavior, shall be imprisoned not less than six months nor more than three years," is punishable by commitment to the state workhouse and house of correction, whether such commitment emanates from the district court originally or from the Superior Court upon appeal.

*(2)  Criminal Complaint.  Jurisdiction.  Appeal.  Lewd and Wanton Person.*

Gen. Laws, 1909, cap. 354, § 38, providing that "every person convicted of any of the offences mentioned in Section 25 of cap. 347, shall be sentenced by the district court to the state workhouse and house of correction" does not prevent the Superior Court from determining the case on appeal and sentencing the defendant to the state workhouse and house of correction, as the district court might have done had an appeal not been taken.

*(3)  Infamous Crime.  Constitutional Law.*

The offence of being "a lewd, wanton or lascivious person in speech or behavior" does not constitute an infamous crime, requiring prosecution by indictment under the provisions of Cons. R. I. Art. I, § 7.

CRIMINAL COMPLAINT. Heard on exception of defendant and overruled.

VINCENT, J. This is a criminal complaint, originally brought in the district court of the sixth judicial district, charging the defendant with being a lewd, wanton and lascivious person in speech and behavior under Section 25, Chapter 347 of the General Laws of 1909.

The defendant admitted sufficient evidence to convict in the district court and was sentenced to one year in the State workhouse and house of correction. From this sentence he took an appeal to the Superior Court where, after a trial to a jury, he was found guilty. After the verdict of the jury the defendant filed a motion in arrest of judgment on the following grounds.

"FIRST: That this court had no jurisdiction to try the defendant for the offence charged, without indictment for said offence first found against him by the grand jury.

"SECOND: That this court had no jurisdiction to try and convict the defendant, for the offence with which he is charged, upon the complaint in said cause alone, and without indictment first found against him for said offence by the grand jury.

"THIRD: That this court had no jurisdiction to try and convict the defendant for the offence with which he is charged except upon an indictment therefor by the grand jury, on the ground that he is charged in said complaint with the commission of an infamous crime or offence.

"FOURTH: That this court had no jurisdiction to try and convict the defendant for the offence with which he is charged, except upon an indictment therefor by the grand jury, on the ground that he is charged in said complaint with the commission of an infamous crime or offence,—the same being possibly punishable by this court by imprisonment in the State prison for more than one year, to wit, for three years."

This motion was denied by the trial court. Later, the defendant filed a motion for a new trial, which was also denied.

The case is now before us on the defendant's exception to the denial of his motion in arrest of judgment. The defendant claims that his exception should be sustained for the reasons set forth in his motion.

The defendant's contention, as deduced from his bill of exceptions, is that the offence charged in the complaint is an infamous crime punishable by the Superior Court by imprisonment in the State prison for more than one year, and therefore the court is without jurisdiction to try and convict him except upon an indictment by the grand jury.

In other words, without disputing the jurisdiction of the district court to entertain and determine the complaint and impose sentence, the defendant claims that after conviction in that court he can take an appeal to the Superior Court, whereupon the complaint will be no longer operative, and that any further prosecution of the matter must be by way of an indictment by the grand jury. While the statute which we must construe is the statute in force at the time the offence was committed, some consideration of the legislation leading up to the existing enactment will be useful in ascertaining the intent of the legislature. The first statutory enactment covering the offence charged in the present case is to be found in Chapter 814 of the Public Laws, passed by the General Assembly at its May session, 1869, and is entitled "An act to establish a board of state charities and corrections." Section 6 of said act reads as follows: "All persons who may have actually abandoned their wives or children, without adequate support, leaving them in danger of becoming a public charge, or who may neglect to provide according to their means, for the support of their wives or children, or who being habitual drunkards, shall abandon, neglect or refuse to aid in the support of their families; all idle persons, who being of doubtful reputation and having no visible means of support, live without

employment; all sturdy beggars who apply for alms, or solicit charity; all persons wandering abroad, lodging in station houses, outhouses, market places, sheds, stables or uninhabited buildings, or in the open air, and not giving a good account of themselves; all persons who go about from place to place to beg or to receive alms; all common prostitutes, drunkards and night-walkers; lewd, wanton, and lascivious persons in speech or behavior, common railers and brawlers; all persons who neglect all lawful business and habitually misspend their time by frequenting houses of ill-fame, gaming houses or tippling shops; all common cheats, vagrants or disorderly persons; shall, on conviction of either of the aforesaid offences by a justice of the peace, be sentenced to said State workhouse for a term not less than six months and not more than three years . . . and any persons convicted of any of the offences named in this section, by a justice of the peace, may appeal therefrom in the same manner as is now by law provided for appeals from justices of the peace in criminal cases." This act also provided for the establishment of a State workhouse and house of correction in the town of Cranston, to be located on the farm owned by the State, the institution to be under the control and management of the board of state charities and corrections. In said Section 6 of said chapter various offences were enumerated, including the offence charged in this complaint. Such section further provided that any person convicted of any of the offences therein named, by a justice of the peace, might appeal therefrom in the same manner as by law provided for appeals from justices of the peace in criminal cases.

(1) By reference to Section 1 of Chapter 221 of the Revised Statutes of 1857, we find the provision that "Any person aggrieved by any sentence of any magistrate, justice of the peace, or court exercising the jurisdiction of a justice of the peace, pronounced against him on any complaint . . . may appeal from such sentence to the Supreme Court or the court of common pleas."

· On May 28, 1869, the same day on which "An act to establish a board of state charities and corrections," was passed, before referred to as Chapter 814 of the Public Laws, . May session, 1869, the General Assembly passed "An Act in addition to an act passed at the present session of the General Assembly, entitled 'An act to establish a board of state charities and corrections,' " being Chapter 815 of the Public Laws. In and by this last chapter it was provided that "All persons who may be sentenced to the institution, provided to be established under the provisions of said act, for any crime or misdemeanor, shall be sentenced to the workhouse or house of correction."

An examination of these Chapters, 814 and 815 of the Public Laws, passed at the May session, 1869, reveals the intention of the General Assembly to make certain offences therein enumerated, and which had not theretofore been the subject of legislative enactment in this State, misdemeanors, punishable by a sentence to the State workhouse and house of correction, such workhouse and house of correction having been created at the same time and by the same act, and evidently designed for the purpose of providing a place of commitment for such offenders. It was also provided in these chapters that such offenders upon conviction might be sentenced by a justice of the peace to such workhouse and house of correction for a term not less than six months nor more than three years. It was of course competent for the legislature, if they saw fit, to invest justices of the peace with the power and authority to impose such a sentence. The powers conferred by statute upon justices of the peace have been transmitted to and conferred upon the several courts which have succeeded them, the jurisdiction of such courts having been enlarged from time to time as occasion seemed to require, down to the establishment of the present system of district courts.

In the revision of 1872, Chapter 232, § 24, the same offences are included which are enumerated in Section 6 of Chapter 814, May session, 1869, but said Section 24 con-

cludes with the words "shall be imprisoned not less than six months nor more than three years."

We also find in the revision of 1872, Chapter 236, §§ 36 and 37, as follows:

"Sec. 36. Unless otherwise provided, every person sentenced to imprisonment for a term of one year or more shall be imprisoned in the state prison, and there kept at hard labor, and every person sentenced for a less term than one year shall be imprisoned in the county jail in the county where he shall have been convicted, or in the state workhouse and house of correction, unless sentenced by the Supreme Court or court of common pleas to be imprisoned in the jail in some other county.

"Sec. 37. Every person convicted of any of the offences mentioned in section twenty-four of chapter two hundred and thirty-two, of offences against chastity, morality and decency, shall be sentenced by the justice court, or court of common pleas, to the state workhouse and house of correction."

The above Section 37 continues, to justices of the peace, the power to sentence offenders from six months to three years to the State workhouse and house of correction giving authority to the court of common pleas to do the same in the event of an appeal.

In the revision of 1882, Chapter 248, § 37, the words "by the justice court, or court of common pleas" were omitted and nothing was substituted in place thereof so that the section concluded with the words, "sentenced to the state workhouse and house of correction."

In the revisions of 1896 and 1909 the provisions of 1882 were reiterated.

Chapter 347, § 25, Gen. Laws, 1909, provides that, "Every lewd, wanton, or lascivious person in speech or behavior . . . shall be imprisoned not less than six months nor more than three years." Chapter 354, § 37, reads, "Unless otherwise provided, every person sentenced to imprisonment for a term of more than one year shall be imprisoned in the

state prison and there kept at hard labor, and every person sentenced for a term of one year or less shall be imprisoned in the county jail in the county where he shall have been convicted, or in the state workhouse and house of correction, unless sentenced to be imprisoned in the jail in some other county.   Following this is Section 38 which provides that, "every person convicted of any of the offences mentioned in Section 25 of Chapter 347, shall be sentenced by the district court to the state workhouse and house of correction."

We think it is clear from the course taken by the legislature, regarding the offences enumerated in Section 25 of Chapter 347, that it was and always has been the intention that such offences should be punished by commitment to the State workhouse and house of correction.   It is provided in Section 37, Chapter 354, that, "every person sentenced to imprisonment for a term of more than one year shall be imprisoned in the state prison," but these words are preceded by the words, "unless otherwise provided."   By the next section it seems to have been otherwise provided, for that section specifically says that any person convicted of any of the offences mentioned in Section 25 of Chapter 347 shall be sentenced by the district court to the State workhouse and house of correction.

This is an appeal from a district court and it is an appeal which the statute authorizes.   The question to be determined on appeal is the guilt of the defendant.   It cannot be presumed that the legislature intended to give a defendant a right of appeal and at the same time intend that the exercise of that right should result in wiping out the complaint and all proceedings under it.   Nor can we assume that it was the intention of the law making power, in dealing with the same offence, to authorize one court to commit to the State workhouse and house of correction and the other to imprison in the State prison.

We think that it is clear that the General Assembly intended that all offences, under the section in question, should be punishable by commitment to the State workhouse

and house of correction and that the concluding words of Section 25 of Chapter 347 "shall be imprisoned not less than six months nor more than three years" must, in the light of Section 38 of Chapter 354, be construed and held to limit commitments thereunder to the State workhouse and house of correction whether such commitment emanates from the district court or the Superior Court.

(2)     The provision of said Section 38 conferring the power to sentence upon district courts does not seem to us to limit the powers of or prevent the Superior Court from hearing and determining the case on appeal and sentencing the defendant to the State workhouse and house of correction as the district court might have done had an appeal not been taken.    The statute in question does not empower the Superior Court on appeal to enlarge or to change the nature or quality of the punishment by sentencing offenders under Section 25, Chapter 347 to the State prison.    They must in all cases and in either court be sentenced to the State workhouse or house of correction.

(3)     The defendant further claims that the offence charged in the complaint constitutes an infamous crime for which he cannot be tried or convicted except upon an indictment by a grand jury and that a trial, conviction and sentence, otherwise than by indictment, would be a violation of Section 7 of Article I of the Constitution of Rhode Island, which reads as follows:    "No person shall be held to answer for a capital or other infamous crime, unless on presentment or indictment by a grand jury, except in cases of impeachment, or of such offences as are cognizable by a justice of the peace; or in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger . . . . ."

Is the offence charged in this complaint an infamous crime ?    We think not.    A crime to be thus characterized must come within the *crimen falsi,* such as forgery, perjury, subornation of perjury, that is, offences affecting the public administration of justice or such as would affect civil or

political rights disqualifying or rendering a person incompetent to be a witness or a juror. 4 Words & Phrases, 3573 *et seq.* & cases cited.

In I Greenl. on Ev. Sec. 372, it is said, in speaking of infamous crimes, that the usual and more general enumerations are treason, felony, and the *crimen falsi.* It is also held in *U. S.* v. *Field,* 16 Fed. 778, that infamous crimes are convertible with felony, and to the same effect is Whart. Cr. Law, Sec. 561, and *Sutherlin* v. *Sutherlin,* 27 Ind. App. 301. In 2 Words & Phrases, 1741, it is stated that the *crimen falsi* according to the better opinion includes only such crimes as injuriously affect the administration of public justice such as perjury, subornation of perjury, etc., and in *U. S.* v. *Baugh,* 1 Fed. 784, it was held that the test by which it may be determined whether or not an offence is of the *crimen falsi* is whether a conviction would render a party incompetent to testify.

The offence charged in this complaint does not come within the well established definition of an infamous crime. A conviction upon this complaint can not be said to affect the civil or political rights of the defendant nor the public administration of justice. It is not a crime punishable by imprisonment in the State prison, as the defendant contends, but only by sentence to the State workhouse and house of correction and is not therefore an infamous crime according to the doctrine laid down by this court in *State* v. *Nichols,* 27 R. I. 69.

In this view of the case the constitutional question, which the defendant raises, disappears and it becomes unnecessary to determine whether or not the steps taken by the defendant in the lower court in his attempt to raise a constitutional question were proper or otherwise.

The defendant's exception to the denial of his motion in arrest of judgment is overruled and the case is remitted to the Superior Court for sentence.

*Claude R. Branch, Third Assistant Attorney General,* for State.

*Cushing, Carroll & McCartin,* for defendant.