*In re* PETITION OF LOUIS E. BROWN FOR WRIT OF HABEAS CORPUS.

DECEMBER 19, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

RATHBUN, J.   This is a petition for a writ of *habeas corpus* to be directed to the warden of the State jail in the county of Providence.   Citation was issued, the Attorney General entered his appearance for said warden and represented him at the hearing before us.

The allegations in said petition are as follows: "First: That the said Louis E. Brown is being detained and restrained of his liberty illegally in the Providence County Jail by Charles E. Linscott, Warden of said Jail.   Second: That the pretended cause of such detention and restraint is an alleged sentence illegally imposed by the District Court of the Fourth Judicial District, in this, that the petitioner was, on or about the 20th day of July, A. D. 1930, brought before the said District Court charged with being a lewd, wanton or lascivious person and sentenced by said District Court of the Fourth Judicial District to the Providence County Jail for a period of three years."

Section 24, Chap. 399, G. L. 1923, provides in part as follows: "every lewd, wanton, or lascivious person, in speech or behavior  .  .  .  shall be imprisoned not less than six months nor more than three years in the state workhouse and house of correction, and jurisdiction is hereby conferred on district courts to try, and to sentence offenders under this section."

At the time of sentence the institution known as the State Workhouse and House of Correction had been abolished, and the petitioner was, by virtue of Section 6, Art. III, Chap. 413, G. L. 1923, sentenced to be confined in the State

jail in the county of Providence, instead of in the State Workhouse and House of Correction as provided by said section 24. Said section 6 provides in part as follows: "The state institution at Cranston heretofore known as the state workhouse and house of correction shall be and is hereby abolished on and after a certain day hereafter to be determined by the commission; and thereafter any general law or public law, or resolution of the general assembly, any document, record or proceeding authorized by any such law or resolution, unless the context or subject matter otherwise requires, which shall refer to the state workhouse and house of correction, shall be construed to mean the 'jail in the county of Providence' for the custody and care of all male persons so committed."

The petitioner contends, first, that since the abolition of the State Workhouse and House of Correction no penalty is provided by statute for offences enumerated in said section 24, and, second, that, as the general jurisdiction of district courts to sentence by imprisonment is limited to sentences not exceeding one year, a district court is without jurisdiction to sentence by imprisonment for a term longer than one year.

Section 2, Chap. 331, G. L. 1923, provides that district courts shall have jurisdiction to sentence, for certain offences, "by imprisonment not exceeding one year" and jurisdiction "of all other criminal matters which are or shall be declared specially to be within the jurisdiction of such court by the laws of the state." By said section 24 certain other offences, punishable by imprisonment in the State Workhouse and House of Correction for a period not exceeding three years, were "declared specially to be within the jurisdiction of such court."

Although the institution known as the State Workhouse and House of Correction was abolished, said section 24 has not been repealed, and it is clear from said section 6 that the legislature intended that after such abolition male offenders, who theretofore would have been confined in the State

Workhouse and House of Correction, should be sentenced as provided by said section 24, except that the confinement must be in the State jail for the county of Providence.

The petition is denied and dismissed.

*John B. Edwards*, for petitioner.

*Benjamin M. McLyman, Attorney General, Sigmund W. Fischer, Jr., Second Assistant Attorney General, Peirce H. Brereton, of counsel,* for State.