.280 A.2d 330.

STATE *vs.* ALFREDO PELLICCIA.

AUGUST 11, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an indictment which expressly charges that the defendant:

> "did unlawfully have in his possession a bomb *and* did have in his possession an explosive substance with intent to use said explosive substance unlawfully, against the person and property of another, in violation of Title 11, Chapter 47, Section 21 of the General Laws of Rhode Island, 1956, as amended." (emphasis ours)

By the language of the cited section, however, the acts forbidden are disjunctively prohibited.[1]

---

[1]General Laws 1956, §11-47-21, as amended by the enactment of P. L. 1959, chap. 75, sec. 1, provides:

"Restrictions on possession or carrying of explosives or noxious substances.—Any person, except a member of the state police, the sheriff or his deputies, or a member of the police force of any city or town, or a member of the army, navy, air force, or marine corps of the United States, or of the national guard or organized reserves when on duty, who possesses, or carries on or about his person or in a vehicle, a bomb or bombshell, except for blasting or other commercial use, or who, with intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any noxious liquid, gas or substance, shall be guilty of a violation of this chapter and punished as hereinafter provided."

Nevertheless, defendant did not move to quash the indictment as being duplicitous, and the case was tried to a jury and a Superior Court justice who instructed the jury that the indictment charged two separate offenses. He further instructed them that they were to return separate verdicts.

After the jury had returned a verdict of guilty as to each offense, defendant moved for a new trial. When this was denied, he seasonably prosecuted a bill of exceptions to this court.

His bill contains seven exceptions, all of which were both orally argued and briefed. After careful consideration of the contentions made with respect to each exception, we are clearly of the opinion that all lack merit and that only two require discussion. These are, to the trial justice's instructions that the indictment charged two separate offenses and, his instructions that the jury should return separate verdicts.

Having made this determination, a brief summary of the evidence that we hold to have been properly admitted will serve to place the challenged instructions in perspective.

On December 9, 1965, defendant was observed carrying a brown box which he placed under the back of the front seat of a station wagon, and hurried away. The station wagon was owned by one DiOrio who, on arriving to pick up his motor vehicle, was advised by the observer of defendant's actions. DiOrio found the box, opened it, and seeing it contained what he described as a stick of dynamite, with a fuse attached, hurled it as far as he could.

There was no explosion but the police were called and the box and its contents were examined by the department's armorer. He found it to contain a stick of dynamite to which an 18 inch time fuse was attached with a blasting cap attached to the fuse. The testing of these contents,

subsequently made by said armorer, established that the dynamite and fuse were in working order. He did not test the blasting cap giving as his reason that it could only be tested by destroying it. Apparently, he assumed that to have done this would be to destroy evidence in the case.[2]

In any event, he gave it as his expert opinion based on his guarded examination of the cap, which he testified contained powder and fulminate of mercury, was capable through friction, jostling or change in temperature of igniting the fuse which in turn would explode the dynamite.

In his instructions to the jury, regarding which defendant took exceptions, the trial justice pointed out that whereas the General Assembly had made mere possession or carrying of a bomb unlawful, it forbid the possession or carrying of an explosive substance only if done so with unlawful intent against the person or property of another. This additional element of intent as to possession or carrying of an explosive substance, made the two acts forbidden in the disjunctive by §11-47-21, two separate and distinct offenses. Since defendant was charged in the indictment with the commission of both offenses by use of the conjunctive "and," the jury was required to pass on the evidence as they found it with regards to the elements to be proved in each case. So postured, he further instructed them, that they were to return two of four possible verdicts, namely, guilty or not guilty as to possession or carrying of a bomb; and, guilty or not guilty as to possession or

[2]Admonishing the jury that he was in nowise invading their exclusive province to determine from the other evidence in the case whether the assembled dynamite, fuse and cap as found in the box constituted a bomb, the trial justice, in the exercise of his discretion, precluded the box and its contents as found by the armorer from becoming physical evidence in the case. He did so out of an abundance of caution for safety. In any event, counsel for defendant when asked by the trial justice if he wanted the box, fuse and cap brought into the courtroom replied that he did not.

carrying an explosive substance with unlawful intent against the person or property of another.

He then proceeded to define a "bomb" as that term was contemplated by the Legislature, instructing the jury that they were to consider the evidence as it related to the offense of possessing or carrying a bomb in light of the definition given.

Specifically concentrating on what he referred to as the second count in the indictment, namely, possession or carrying of an explosive substance, he stressed the added element of "intent" and, first noting that one's intention is subjective and can only be gathered from conduct, proceeded to give the jury examples of how unlawful intent can be established beyond a reasonable doubt.

Thus, consistent with his determination that the indictment charged two separate and distinct offenses and was therefore duplicitous, the trial justice's instructions were clear and carefully related for the jury's consideration of the evidence as it related to each offense.

The defendant does not contend that the court lacked jurisdiction to try two distinct and separate offenses charged in a single indictment. Rather, he argues that the indictment is not duplicitous, charges only one offense and, consequently, it was error for the trial justice to charge as he did.

He cites no authority in support of his position and from our independent research his failure to do so can be readily understood. It has been long and well-nigh universally held that where the legislature, using the disjunctive "or" has forbidden several cognate acts, an indictment or complaint which charges commission of all such acts conjunctively is not duplicitous, for the reason that proof of all, less than all or any one of the acts forbidden, amounts to but a single offense. This court has heretofore followed such rule on a number of occasions. *State* v. *Jamgochian,* 109 R. I.

17, 279 A.2d 923; *State* v. *Mazzarella,* 103 R. I. 253, 236 A.2d 446; *State* v. *Providence Gas Co.,* 27 R. I. 142, 61 A. 44; *State* v. *Murphy,* 17 R. I. 698, 24 A. 473; *State* v. *Nolan,* 15 R. I. 529, 10 A. 481; *State* v. *Wood,* 14 R. I. 151; *State* v. *Colter,* 6 R. I. 195. See also 1 Bishop, *New Criminal Procedure,* §436.

Such then is the rule when the acts forbidden are of the same or similar nature. Here, however, the Legislature has made it an offense to possess or carry a bomb, except under circumstances not pertinent here, regardless of intent. Conviction for this offense would require proof not only of possessing or carrying, but that the object possessed or carried was in fact a "bomb" as the same is legally defined. It was in recognition of this that the trial justice instructed the jury that a bomb is " 'A hollow box, basket or shell, filled with gunpowder or other explosive set off by means of a time-fuse or other device.' " *State* v. *Londe,* 345 Mo. 185, 132 S.W.2d 501. Thus, a device which would have the appearance of a bomb although in point of fact, however, is incapable of exploding is not a device which merely possessing or carrying would constitute a violation of §11-47-21.

On the other hand, possessing or carrying an explosive substance, such as dynamite, even though known to the possessor as not apt to explode, but so arranged or assembled as to put another in fear, and possessed or carried for that purpose, would constitute a violation of the second offense established by said section.

We think it clear, therefore, that the two offenses are of a different nature and not two cognate acts which, taken singularly or collectively, constitute but one crime.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, *Bennett R. Gallo,* Special Assistant Attorney General, for plaintiff.

*Bucci & Rao, Carmine A. Rao,* for defendant.