314 A.2d 11.

STATE *vs.* GUY R. BERKER.

JANUARY 18, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant stands convicted, after a Superior Court jury-waived trial, of a criminal complaint charging him with eluding a police officer, a violation of G. L. 1956 (1968 Reenactment) §31-27-4. His appeal is comprised of four issues of law, three of which have been previously decided by this court. The issues are raised by his bill of exceptions and a certified question of law that was certified to us by the trial justice.

The factual pattern giving rise to this appeal involves an incident that occurred in Warwick in the parking lot of a Dunkin Donut Shop sometime during the late evening of July 9, 1970, or the early morning hours of the following day. Berker was present in the lot and when the police arrived, he apparently drove away with the police in pursuit. Our use of the word "apparently" is due to the fact that the transcript furnished us is a partial record of the trial in the Superior Court. In addition to the complaint presently being considered, the police also charged Berker with disorderly conduct. Berker was convicted of behaving in a disorderly manner. The transcript deals only with the episode in the parking lot.[1]

Berker's first exception is to the trial justice's overruling of his demurrer in which he alleged that the complaint was bad decause it was duplicitous. The complaint in its pertinent part reads as follows:

---

[1]The disorderly conduct charge was tried before a jury. While the jury was deliberating, the trial justice heard the testimony which described Berker's flight from the parking lot. The record, as it relates to the flight, consists of a colloquy between court and counsel as to the various legal propositions espoused by Berker's attorney.

"* * * did then and there operate and cause to be operated a motor vehicle to wit, an automobile, upon a public highway of this State, to wit on Warwick Avenue and West Shore Road and operated his motor vehicle recklessly so that the lives and safety of the public might be endangered, *and* attempted to elude or flee from a police vehicle, in violation of Title 31, Chapter 27, Section 4, of the General Laws of 1956, as amended." (emphasis added)

By the language of the section cited, however, the acts forbidden are disjunctively prohibited.[2]

It has been long and well-nigh universally held that where the Legislature, using the disjunctive "or" has forbidden several cognate acts, an indictment or complaint which charges commission of all such acts conjunctively is not duplicitous, for the reason that proof of all, less than all, or any one of the acts forbidden, amounts to but a single offense. This court has heretofore followed such rule on a number of occasions. *State v. Pelliccia,* 109 R. I. 106, 280 A.2d 330 (1971); *State v. Jamgochian,* 109 R. I. 17, 279 A.2d 923 (1971); *State v. Raposa,* 107 R. I. 712, 271 A.2d 306 (1970); *State v. Mazzarella,* 103 R. I. 253, 236 A.2d 446 (1967); *State v. Providence Gas Co.,* 27 R. I. 142, 61 A. 44 (1905); *State v. Murphy,* 17 R. I. 698, 24 A. 473 (1892); *State v. Nolan,* 15 R. I. 529, 10 A. 481 (1887); *State v. Wood,* 14 R. I. 151 (1883); *State v. Colter,* 6 R. I. 195 (1859); *see also,* 1 Bishop, *New Criminal Procedure* §436.

The acts set forth in §31-27-4 are cognative in that they are "related in origin" or "allied in nature." 7A Words

---

[2]General Laws 1956 (1968 Reenactment) §31-27-4 provides in part:
"Reckless driving and other offenses against public safety.—Any person who operates a motor vehicle on any of the highways of this state recklessly so that the lives or safety of the public might be endangered, or participates in drag racing, or operates a vehicle in an attempt to elude or flee from a traffic officer or police vehicle, shall be guilty of a misdemeanor."

and Phrases, *Cognate* at 113 (1952). The present complaint is not duplicitous.

When the prosecution rested, Berker moved to dismiss the complaint on the grounds that in designating the act of eluding an officer as a criminal offense, the Legislature had deprived him of his constitutional right to refuse to submit to an unlawful arrest.

A similar contention was made in *State* v. *Ramsdell,* 109 R. I. 320, 285 A.2d 399 (1971). There, what was under consideration was G. L. 1956 (1969 Reenactment) §12-7-10, which makes it unlawful to forceably resist an illegal arrest if the person being arrested has reasonable grounds to believe that he is being arrested by a peace officer. Although we are concerned here with a different section of our General Laws, the considerations expressed in *Ramsdell* are equally applicable to the litigation before us and are dispositive of defendant's argument on this point. We need not unduly extend this opinion by quoting at length from that case. Be it sufficient to reiterate that we held the Legislature's abolition of the right to resist an unlawful arrest as unquestionably a proper exercise of the police power. *Ramsdell, supra* at 325, 285 A.2d at 403. The motorist seeking to escape the scrutiny of an approaching police officer poses a threat to the public's life, limb or property. The General Assembly's prohibition is well-founded.

The last exception concerns the overruling of Berker's plea in abatement. Berker contends that the penalty prescribed for a violation of the eluding provisions of §31-27-4 qualifies the infraction as an infamous crime under our holding in *State* v. *Rezendes,* 105 R. I. 483, 253 A.2d 233 (1969). In *Rezendes* we noted that with few exceptions, art. I, sec. 7 of the Rhode Island constitution requires the return of an indictment before a person can be tried for the commission of a so-called "infamous" crime.

In *Rezendes* we defined an "infamous crime" as one where the potential punishment provided for the crime was in excess of a year in jail.

A motorized elusion of a police officer is classified as a misdemeanor. Section 31-27-13 provides:

> "(b) Unless another penalty is provided by said chapters or by the laws of this state, every person convicted of a misdemeanor for the violation of any provision of said chapters shall be punished by a fine of not more than five hundred dollars ($500), or by imprisonment for not more than one (1) year, or by both such fine and imprisonment."

Berker argues that it is conceivable that he could receive a one-year prison sentence and a fine. He then refers us to §13-2-36 which imposes a one-day jail sentence for each $5 or any fraction thereof of any unpaid fine. The imprisonment possibility for an unpaid fine of $500 is 100 days. Berker adds it all up and informs us that as a result of the guilty finding of the trial justice he may spend up to 465 days in jail because of his sudden departure from the doughnut shop parking lot. This potential period of time that he might be incarcerated, he claims, converts a misdemeanor into an infamous crime under the *Rezendes* criterion.[3] We cannot agree.

If a defendant does not pay the fine, he is then subject

---

[3] At a special election held on November 6, 1973, the people approved several proposals that had been adopted by a constitutional convention that began its deliberations on September 4, 1973. One of the approved proposals was an article which replaces art. I, sec. 7. The new article omits any reference to an "infamous crime." It requires a grand jury indictment for any offense punishable by death or life imprisonment and authorizes the General Assembly to establish a system for instituting the prosecution of any other felony either by way of indictment or information prepared by the Attorney General or one of his assistants. An information is a written accusation made by the prosecutor without the intervention of a grand jury. *Salvail* v. *Sharkey*, 108 R. I. 63, 271 A.2d 814 (1970).

to the additional days of incarceration. However, it would appear that the detention of a condemned person in jail as the result of his failure to pay the fine is merely a method whereby the pecuniary penalty imposed by the sentence is to be enforced. This "imprisonment" is not a part of the punishment by imprisonment authorized as a penalty for the crime. Actual payment of the fine itself is the punishment. Imprisonment for default of payment is a mere incident of the fine.

The act for which Berker is charged is his eluding of a police officer upon the Warwick thoroughfares. In order for §13-2-36 to become operative, a separate and distinct offense must be committed by the defendant, *i.e.,* his failure to pay any fine imposed. The two offenses, not being in *pari materia,* are only tangentially related and do not result in classifying the offense under §31-27-4 as an infamous crime.

Finally, there is the certified question posed by Berker. It asks:

> "Is G. L. 1956 31-27-4, the eluding clause, so vague as to violate Art. XIV section 1, the due process clause of the Amendments to the U. S. Constitution."

We see no need to respond to this inquiry. Our negative attitude is prompted by the lack of effort expended by Berker's counsel in this facet of the case. It is elementary that one who seeks a judicial veto of a legislative act on constitutional grounds carries the burden of persuasion. *State* v. *Lemme,* 104 R. I. 416, 244 A.2d 585 (1968). In his brief, Berker merely asserts that the eluding portion of §31-27-4 is vague and cites one case, *Heywood* v. *Brainard,* 181 Neb. 294, 147 N.W.2d 772 (1967). A cursory glance at the language of the Nebraska statute shows that it is completely different from the one presently before us. The letter and spirit of our Rule 16 require an attorney to make a good-faith effort when he identifies the issues

he intends to raise, articulates his points of argument, and indicates the authoritative sources upon which he relies. *Sunny Day Restaurant, Inc.* v. *Beacon Restaurant, Inc.,* 103 R. I. 707, 241 A.2d 295 (1968); *Clarke* v. *Sullivan,* 103 R. I. 177, 235 A.2d 668 (1967). A mere assertion that a statute is vague plus a single palpably inapposite citation do not satisfy these requirements.

The defendant's appeal is denied and dismissed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.