## Case No. 16,436.

UNITED STATES v. TAYLOR.

[4 Cranch, C. C. 338.] [1]

Circuit Court, District of Columbia. Sept. Term, 1833.

MURDER — DYING DECLARATIONS — NEW TRIAL — CHANGE OF VENUE.

1. The dying declarations of the deceased, made in contemplation of death, may be given in evidence.

2. A new trial was granted, after conviction of murder, upon newly-discovered evidence, and the venue was changed.

Indictment for murder.

## Case No. 16,437.

UNITED STATES v. TAYLOR.

[4 Cranch, C. C. 731.] [1]

Circuit Court, District of Columbia. Oct. Term, 1836.

QUASHING INDICTMENT—PRACTICE—CRIMINAL STATUTES.

## Case No. 16,438.

UNITED STATES v. TAYLOR.

[1 Hughes, 514.] [2]

Circuit Court, E. D. Virginia. Sept. 8, 1874.

POST OFFICE LAWS — EMBEZZLING LETTER — CONSTRUCTION OF STATUTE—INDICTMENT AND VERDICT.

Section 279 of the revised postal laws of 1872 (17 Stat. 298, c. 335, § 114, of the acts of congress for that year: now section 5467 of the Revised Statutes of the United States), created two distinct offences, to wit, first, the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

embezzling, etc., of a letter carried in the United States mail, and second, the stealing of its contents; and, therefore, an indictment charging merely the embezzlement is sufficient to sustain a verdict of guilty, on motion in arrest of judgment, and to warrant judgment and sentence

[Cited in U. S. v. Baugh, 1 Fed. 785; U. S. v. Coppersmith, 4 Fed. 205; U. S. v. Byrne, 44 Fed. 189.]

This was an indictment against the defendant [E. R. Taylor], as a postal-car clerk, engaged in the postal service of the United States, on the mail route from Washington City to Lynchburg, Virginia, on the Orange, Alexandria & Manassas Railroad. for embezzling a letter intrusted to him which was intended to be conveyed by mail and to be delivered at the town of Charlottesville, the letter having been addressed to John T. & Henry McColly at the University of Virginia, and having contained fourteen coupons, each for $35, aggregating to $490 in value; the letter having been deposited at the post-office at Huntsville, Alabama, and having never been delivered at Charlottesville, Virginia.

The jury brought in a verdict of guilty, and most of them accompanied the verdict with a paper recommending the prisoner to the clemency of the court.

The counsel of the prisoner, through Mr. Alfred Morton, moved for an arrest of judgment, on the following grounds: Section 279 of the act of congress, "to revise, consolidate, and amend the statutes relating to the post-office department," approved June 8, 1872, is so worded as to seem to make one offence of the several acts, which it describes, and in its latter clause, to employ a different phraseology from that which was used in section 21 of the statute of March 3. 1825 [4 Stat. 107], of which it is a revisal. The section as it now stands declares that any person employed in the postal service, who shall secrete, embezzle, or destroy any letter coming into his possession, which was intended to be conveyed by the mail, containing any agreement for the payment of money; any such person who shall steal or take such contents out of any letter coming into his possession in the regular course of his official duties, provided the letter shall not have been delivered to the person to whom addressed, every such person shall, on conviction thereof, for every such offence, be imprisoned at hard labor not less than one nor more than five years. Upon this section, thus worded and punctuated, the question arises whether the embezzlement of the letter is itself a complete offence under the section, subjecting the embezzler to the penalty denounced; or, whether the embezzlement of the letter and the stealing of its contents are not two acts, both of which are necessary to constitute the offence created by this section of the statute. In the original law the phrase in the latter clause of the section, "or if any such person," is used; whereas in the new law this disjunctive form of expression is abandoned, and the explana-

tory form, "any such person" is substituted. If the disjunctive form of the old law had been preserved in the new, then a different person might be punished for stealing the contents from the one who had embezzled the letter itself; and two distinct offences would have been created by the section. But the present language of the section is such as to seem, in the phrases "any person who shall secrete, embezzle, or destroy," and "any such person who shall," and "every such person shall," to refer throughout to the same person; and to require that this same person, in order to conviction, shall have embezzled the letter and stolen its contents also. If such be the proper construction of this section, if it really intends that the offence provided for shall consist of the embezzling of the letter and the stealing of its contents, then, of course, the indictment, in order to be good, must, in each count, charge the embezzling, and also charge the stealing. In the case of Taylor the indictment does not contain a charge of the stealing of the contents of the letter. It charges only the embezzlement of the letter. Nor is there a second count charging the stealing. If these two acts be necessary to constitute the offence created by section 279, then there can be no sentence pronounced upon a verdict of guilty, found on an indictment charging only the embezzlement. The judge said, that as there had been no decision upon the section in its new form, and it was important that it should be decided deliberately and correctly, in order that district attorneys should know with certainty upon what construction of the section to draw their indictments in future cases, he would entertain the motion in arrest of judgment until the adjourned term of the court, to be held at Richmond, on the 8th of September next, and would put the defendant under bail to appear there on that day to answer the judgment of the court, which was accordingly done.

L. L. Lewis, U. S. Atty.

L. H. Chandler, Alfred Morton, and B. W. Hoxsey, for defence.

HUGHES, District Judge. Section 279 of the revised postal laws, divested of the words which are inapplicable to the offence charged in the indictment in this case, is as follows: "Any person employed in any department of the postal service of the United States who shall secrete, embezzle, or destroy any letter intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried by any person employed in any department of the mail service, and which shall contain any banknote, bond, draft, promissory note, or agreement for the payment of money; any such person who shall steal or take any of the things aforesaid out of any letter which shall have come into his possession, either in the regular course of his official duties, or in

any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, every such person shall on conviction thereof, for every such offence, be imprisoned at hard labor not less than one nor more than five years." This section contemplates and recites two distinct acts, that of embezzling the letter, and that of stealing its contents, and the question arising upon it is, whether it intends to make each of these acts punishable by the imprisonment it imposes, or, whether it intends that both acts shall be necessary to constitute one offence. If the two acts are necessary to constitute the offence punishable under the section, then this indictment is defective because it charges only the embezzling of the letter, and contains no charge of the stealing of the contents, and the verdict of guilty which has been found on the indictment, and which therefore finds only the embezzling, is not sufficient to warrant a judgment and sentence for embezzling and stealing. It is hardly necessary to premise that (with a very few exceptions) there are no offences against the United States cognizable by the national courts, except such as are made so by express law of congress, and that any such offence, in order to be punishable, must be brought by the indictment strictly within the terms of the express law, and that no law of congress can be held to embrace an offence against the United States merely from the fact, that, otherwise, the offence would go unpunished. The offence must be expressly created by law, and must be distinctly charged in the indictment.

At the trial of this cause I was strongly of opinion that section 279 of the amended law of 1872, was at least ambiguous, and that the motion in arrest of judgment might be sustained on that ground alone, for there is no more obvious principle of natural justice than that the laws creating offences, mala prohibita, ought to be plain, clear and unequivocal. As this case will constitute an important precedent, and it was desirable that it should be decided upon mature deliberation, I adjourned the motion and the term of the court over until this occasion, partly in the hope that the circuit judge might be present, and aid in settling the question arising upon the law for this circuit. The question, as before stated, raised by the motion in arrest of judgment, is, whether section 279 makes the act of embezzling the letter, and the act of stealing its contents, each punishable by imprisonment for from one to five years; or, whether, under the peculiar language of the section, both acts are necessary to constitute the offence made punishable. It was contended in argument, that the whole of the first part of the section, down to the phrase "any such person," is descriptive of the person chargeable with the offence, and that the words any such person refer to the person who has secreted, embezzled or destroyed the letter described, and not merely to a person "employed in any department of the postal service." If this be so, then every indictment framed upon this section must recite the embezzling, and also charge the stealing, and the verdict must find both facts, in order to warrant a judgment and sentence of imprisonment.

This construction, however, cannot be adopted by the court. It is plain from the whole context, that this part of the section retains, since the amendment, the meaning which it had before, and which it has been construed to have, ever since it was adopted into our penal code from that of England, in 1825. The object of this first part of the section is, not to describe a person, but to define an offence, that of secreting, embezzling, or destroying a letter intended to be conveyed by mail, and coming into the possession of the postal employé in the regular course of his official duties. The word "such" in the phrase "any such person," has always been held, and must still be held, to refer only to an employé in the postal service; and has never been, and cannot now be, held, to refer comprehensively to an employé who has embezzled a letter intrusted to him in the course of his official duty. A proper means of testing the true meaning of the whole section, is by inquiring whether the section makes it necessary that the same person who embezzles the letter shall also steal its contents, and that the letter be the same as the one whose contents were stolen, in order to complete the offence made punishable. The person who embezzles and the one who steals, must in either case, be an employé of the department of the postal service. The letter embezzled and the letter whose contents are stolen, must each be intended to be conveyed by mail, and must not have been delivered to the person to whom addressed. So far, the person and the letter may be the same in each case. But the section evidently contemplates that the employé who embezzles may be other than the employé who steals, and that the letters may be different, in providing that the embezzled letter must come into the possession of the employé in the course of his official duties; while it provides that the letter whose contents are stolen, may come into the employé's possession, either "in the regular course of his official duties," or "in any other manner whatever." That the employé who embezzles may be a different person from the one who steals, and that the letters may be different, is also implied in the whole tenor of the two clauses of the section. This being so, the section in first reciting that any employé who embezzles, and then reciting that any employé who steals, without coupling the two clauses by the conjunctive word "and;" and in finally following up the two distinct recitals with the declaration that "every such person," "for every such offence" shall be imprisoned, etc., seems to put to rest all doubt of its intention and to create two dis-

tinct offences, each punishable by imprisonment. This reasoning is rendered conclusive by the reflection, that if the section in its amended form had been intended to make the embezzling and the stealing together, one statutory offence, it would have adopted the direct method of doing so, by uniting the two acts in the same clause, and declaring that any employé in the postal service who shall secrete, embezzle, or destroy a letter containing a thing of value, and steal its contents, shall be punished, and would not have first elaborately defined the offence of embezzling, and then, in a different clause, as elaborately defined that of stealing..

For these reasons, and others which might be adduced, I am bound to conclude that congress, in revising the postal laws in 1872, did not intend to destroy the original meaning of the section of which the present section 279 is a revisal, which made two offences of embezzling a letter, and stealing its contents, each punishable by imprisonment. As the indictment, therefore, sufficiently charges the embezzlement, and a verdict of guilty has been found upon it, and as the statute makes the embezzling alone punishable by imprisonment, the motion in arrest of judgment must be overruled, which is accordingly done.