## UNITED STATES *v.* BAUGH.

*(Circuit Court, E. D. Virginia.   January, 1880.)*

EMBEZZLEMENT — LETTER CONTAINING TREASURY NOTES — INFORMATION—REV. ST. § 5467.—In a prosecution by information, under section 5467 of the Revised Statutes, for the embezzlement of a letter containing treasury notes, by a person in the employ of the postal service, it is not necessary to allege ownership of the notes in some person other than the accused, where the taking or stealing of the notes is alleged by way of description, for the purpose of bringing the offence fully within the terms of definition employed by the statute.

SAME—"INFAMOUS CRIME"—AMENDMENT TO CONSTITUTION, ART. 5.— This statutory offence is not an "infamous crime" within the meaning of the fifth amendment to the constitution, precluding a prosecution by information.

Motion in arrest of judgment, after verdict, upon prosecution by information for a violation of section 5467 of the Revised Statutes.

The information charged "that John G. Baugh, late of the city of Richmond, heretofore, to-wit, on the twenty-third day of November, A. D. 1879, at the said city of Richmond, within the said eastern district of Virginia, he, the said Baugh, then and there being a person employed in the postal service of the United States, to-wit, as a letter carrier at the post-office at the said city of Richmond, unlawfully did embezzle, secrete and destroy a certain letter addressed to Messrs. Cowardin & Ellyson, at Richmond aforesaid, and which said letter was then and there in the said post-office, and was intended to be conveyed by mail, and then and there had not been delivered to the said persons to whom it was addressed, and which said letter then and there came into the possession of him, the said Baugh, and which said letter then and there contained certain articles of value, to-wit, two legal tender treasury notes of the United States, each of the denomination of one dollar, and each of the value of one dollar, and the said treasury notes the said Baugh did then and there take from the said letter, and did then and there take and steal the same, against the form of the statute in such case made and provided, and against the peace and dignity of the United States."

*L. L. Lewis*, District Attorney, for the United States.

*A. M. Keiley*, for accused.

HUGHES, J.    This is an information for the embezzlement of a letter.    The offence is statutory, and the information must charge such an offence as the statute defines.    It is not the taking and secreting of *any* letter that constitutes the statutory crime.    Under the terms of this law, that only is embezzlement where the letter is in postal custody; is not yet delivered to the person to whom it is addressed; contains some one of the valuable things named in the statute; and this valuable thing is taken out of the letter or stolen.    This same section of the Revised Statutes also makes the act of taking this valuable thing out of the letter, or stealing it, an offence.    In the case of the *U. S.* v. *Taylor*, 1 Hughes, 514, I held that there might be a prosecution for taking or

v.1,no.10—50

stealing a valuable thing out of a letter in postal custody, and also a prosecution for embezzling the letter itself—two prosecutions in respect to the same letter, either against the same person, or against one person for embezzling the letter, and against another person for taking the valuable thing out of it, or stealing that thing, if the facts should justify the two proceedings. If prosecuting for the embezzlement, the pleader would allege the stealing by way of description only. If prosecuting for the taking or stealing, he would allege the embezzlement of the letter by the accused or some other person merely by way of description.

In the case at bar the government prosecutes only for the embezzlement of the letter, and alleges the stealing or taking of its contents only by way of description. Accordingly, the information, after charging the embezzlement, goes on by words of description to set forth that the letter was such as is defined by the statute; and, amongst other things, that it contained two treasury notes, and that these notes were taken out of the letter and stolen. These latter words are not employed in the technical form usual in charging a larceny, because the information is not for the offence of larceny, but distinctly and only for that of embezzlement; and the taking or stealing of the notes is alleged by way of description for the purpose of bringing the offence fully within the terms of definition employed by the statute. If it were, indeed, an information for the common law offence of larceny, (an offence rarely prosecuted in the United States courts,) then it would, no doubt, be defective in not alleging an adverse ownership of the two treasury notes in some person other than the accused.

Having premised this much, I come now to consider particularly the grounds on which the motion in arrest of judgment is founded.

1. It being an information for embezzlement, this offence does not fall within the provisions of the fifth amendment to the national constitution.

It has been often held that when terms of the criminal law are used in that constitution they are intended in their

technical sense, and not in the latitudinous sense which may be given them in proper perlance.

The term *infamous* there used is a term of the law, and is to be construed as such with technical precision.

As the offence charged is not *treason*, and is not expressly declared by act of congress to be a *felony*, it is a misdemeanor. It may, therefore, be tried on information, unless it is of that class of misdemeanors which fall within the designation of *crimen falsi*.

The charge is for embezzling a letter containing money, and a conviction for embezzlement has never been held to render the party convicted *incompetent to testify*, which is the test by which the character of an offence may be determined to be or not *crimen falsi*.

In the case of the *U. S.* v. *Lancaster,* 2 McLean, it was decided that all offences under the post-office laws are *misdemeanors*. If, then, embezzlement is not an *infamous* offence, the offence charged in this information is clearly not infamous. Moreover, as it is not charged or averred in the information that the letter embezzled went into the defendant's possession by virtue of his employment, the offence as set forth in the heading does not even involve a breach of trust.

It has of late years been so often held by this and other federal courts that offences not infamous may be tried on information, that I hardly deem it necessary to refer to the decisions. Judge Dillon has so decided in *U. S.* v. *Maxwell,* a case which has frequently been quoted and relied on in this court. See 21 Int. Rev. Rec. 148; see, also, *U. S.* v. *Shepherd,* 1 Abb. U. S. Rep. 432. In the case of the *U. S.* v. *Henry Miller* it was so decided by this court. That case was much stronger than this, because the offence could much more appropriately be regarded as *crimen falsi*. In that case the charge was of *conspiring to defraud* the United States. The defendant was tried at Norfolk, convicted, and sentenced to the penitentiary.

Under the federal law it is not the mode or measure of the punishment prescribed that determines the character of offences, as is the case under the statute of Virginia. Hence

much of the confusion which exists in the minds of many of our best lawyers upon the question now raised in this case.

By the Virginia statute, all offences are declared to be felonious which are punishable capitally, or by confinement in the penitentiary; and if this statute prescribed a rule of decision for the federal courts in the state when trying criminal offences against the United States, there is no doubt that the defendant at bar could be tried for his offence only upon an indictment, inasmuch as the offence is punishable by *hard labor*, which is not necessarily, but is generally, a species of punishment inflicted only in a penitentiary. But this state statute does not apply at all in the federal courts in criminal trials. The rules for our procedure in such cases are derived from the common law. See *U. S.* v. *Reid*, 12 How. 361.

Under the federal laws, nothing is felony unless expressly so declared to be by congress, with exception of capital offences. And it has always been the policy of congress to avoid, as much as possible, the multiplication of statutory felonies. See 1 Greenleaf on Evidence, § 373; and 1 Whar. Crim. Law, § 760.

I may add that informations are never brought in this court except after formal complaint under oath, and full examination before a commissioner of the court wherein the witnesses testify while confronted by the accused; nor are they filed except by leave of court. In the case at bar the information was filed upon motion for leave to do so, in the presence of the accused and his counsel, without objection on their part or offer to show cause to the contrary.

On the whole, therefore, I must overrule the objection in arrest of judgment founded upon the fifth article of the amendments to the constitution.

2. I have already virtually disposed of the second objection, viz., that this is an information charging larceny, and, for that reason, is defective in not charging ownership of the treasury notes in some person other than the accused. I have already shown that this is a prosecution for the embezzlement of a letter, and that one of the ingredients of the

offence is that the letter must have contained some one of the valuable things mentioned in section 5487, which valuable thing (treasury notes here) shall have been taken out of, or stolen from, the letter. The taking of the notes out of the letter was one of the incidents attending the offence of embezzlement, and was alleged by the pleader only as such. It was not necessary to such a purpose to allege an ownership of the two notes.

The motion in arrest of judgment is denied.