State vs. Cole et al.

## No. 9764.

### The State of Louisiana vs. Goodrich Cole et al.

| | |
|---|---|
| 38 | 843 |
| 45 | 841 |
| 38 | 843 |
| 47 | 1200 |
| 38 | 843 |
| 48 | 135 |
| 38 | 843 |
| 110 | 1100 |
| 38 | 843 |
| 122 | 526 |

1. Under the Constitution and laws of this State, district attorneys are vested with full discretion, not under the control of courts, to prosecute offenses *not capital* either by indictment or by information, as in their judgment the interest of the State or the ends of justice may require—and the discretion thus vested in them cannot be affected by the fact that the grand jury may be in session at the same time and in the same parish.

2. In criminal cases the order to separate witnesses is not one of right, and its modification by the judge within reasonable grounds must be left to his discretion. Hence, the ruling of a trial judge in rejecting the testimony of a party who had obtained admission in a court room, on declaring that he was not a witness, and who was thereafter tendered as a witness by the accused, will not be disturbed on appeal. No fixed rule can be adopted in such matters. Judges must be guided by the peculiar circumstances surrounding the offer of such testimony.

3. This Court will not interfere with the orders made by trial judges concerning the discipline of their courts. Hence, a complaint that a judge called a particular case out of its order as fixed on the trial docket, will not be entertained on appeal. Parties should consider that the district judges in this State are not mere ministerial officers, or much less children, whose every step must be traced and controlled by superior authority, but that their courts have certain inherent powers.

4. After charging the jury, as the Constitution requires, that they are the judges of the law and of the facts in criminal cases, it is proper that the judge should instruct them to the effect that they are the sole judges of the facts, but that, as regards the law of the case, they should be governed by the charge of the judge thereon. Affirming State vs. Ford, 37 Ann, 465; State vs. Vinson, 37 Ann. 792; State vs. Hal Matthews, recently decided at Shreveport.

APPEAL from the Ninth District Court, Parish of Tensas. *Young*, J.

*M. J. Cunningham*, Attorney General, and *Hugh Tullis*, District Attorney, for the State, Appellee:

1. Where witnesses are sequestered by order of court, and the order is disobeyed by one of the witnesses who had been warned by the sheriff not to come into court, and who was fully cognizant of the order, it is discretionary with the court *a qua* to exclude the disobedient witness's testimony, particularly when it does not appear that his evidence was material to the prisoner's defense. 36 Ann. 149; 34 Ann. 383; 15 Ann. 79; Archbold's Crim. Plead. and Ptac., Pomeroy's notes, Vol. 1, p. 539; Bishop Crim. Pro. Vol. 1, §§ 1192, 1088.

2. The appellate court will not interfere with the discretion of the lower court in matters pertaining to the separation of witnesses. 27 Ga. 287; Bishop Cr. Pro. Vol. 1, §§ 1086, 1087, 1088; 34 Ann. 383.

3. Prosecutions may be by indictment or information. 14 Ann. 367; 33 Ann. 1223; Const. art. 5; R, S. 977.

*Elam & Luce* for Defendants and Appellants.

The opinion of the Court was delivered by

Poché, J. In support of their appeal from a sentence of six years to hard labor, under a conviction of robbery, the defendants, three in number, rely on six bills of exception.

1st. In a motion to quash the information, they denied the legal power or authority of the District Attorney to proceed by information when the grand jury is actually in session, and they contend that under such circumstances an indictment would have been the exclusive mode of proceeding under the offense charged against them.

The argument is not sound; it is effectively answered by the very text of the constitution and laws of the State on the subject-matter.

Article 5 of the Constitution reads: "Prosecutions shall be by indictment or information; provided that no person shall be held to answer for a capital crime, unless on a presentment or indictment by a grand jury." * * *

Containing a pre-existing similar provision, Sec. 977 of the Revised Statutes of 1870, is in the following language : " Prosecutions for. offenses not capital may be by information, with the consent of the court first obtained."

It has been judicially determined that, except in extreme cases, not likely to occur, the judge cannot withhold his consent to that mode of prosecution of offenses not capital. State ex rel. State vs. Judge, 33 Ann. 1223.

We understand, and we therefore hold, that in proper cases, the District Attorney is clearly vested with the discretion, not subject to the control of courts, to proceed by information in the prosecution of offenses not capital, and that his discretion in such matters is not affected by the fact that the grand jury may be in session for the same parish and at the same time.

2d. They next complain of the refusal of the judge to allow a certain party to testify in their behalf. The refusal was made on the objection of the District Attorney under the following circumstances : The judge had made an order to separate all the witnesses in the case, and one Riley, whom the sheriff attempted to exclude from the trial on the ground that he was a witness in the case, had answered the officer that he was not, whereupon he had been admitted in the court-room, where he had been for an hour, when defendants' counsel offered his testimony, with the view of proving an *alibi.* The judge, knowing that he was the father-in-law of two of the defendants, rejected his testimony. Under these circumstances we are not prepared to rule that the judge abused the discretion which is vested in him by the law touching this subject-matter. An interference with his discretion in such rulings would open the door to practices which would entirely defeat the very object to be attained by the order sequestering the witnesses in any and all cases. State vs. Ford, 37 Ann. 463; State vs. Rivells, 34 Ann. 383; State vs. Gore, 15 Ann. 79.

3d. Their next two bills are levelled at the ruling of the judge in allowing questions to witnesses to show that, on the day the robbery was committed, one of the defendants was seen in the act of putting certain goods in a sack. Their counsel contend that the defendants had been charged with the robbery of money alone, and that it was therefore irrelevant to prove anything connecting them with the robbery of goods; and, further, that the party charged to have been robbed had testified that no one was present except himself and the defendants themselves. Their main argument is that the robbery was charged to have occurred at 1 o'clock, and that the testimony admitted

went to show that the goods were seen in the possession of the accused two hours before, which was impossible. This very argument affords a correct solution of the objection ; clearly it went to the effect and not to the admissibility of the proffered testimony. The bill shows. that the party robbed was a peddler, whose bundle of goods had been ransacked, while the robbery of his money was being perpetrated.

The testimony was intended as corroborative evidence. Whether it was so or not, truthful or not, possible or not, were questions for discussion before the jury. Hence the objection could not be sustained in law.

4th. Defendants' counsel find fault with the judge's charge to the jury in so far as he told them that they were the judges of the facts and of the law in the case ; that they were the sole judges of the facts, and that, as regards the law, they should be governed by the charge of the judge thereon.

The instructions substantially comply with the rules established in our jurisprudence. Counsel can find no support for their contention, in our opinion, in Vinson's case, 37 Ann. 792, on which they rely exclusively. In that case we said : " The relation which the jury bears to enunciations of law delivered to them by the judge, is very similar to that which the judge bears to valid and unambiguous statutes. The judge is bound, under his oath, to accept and apply the statutes, but that does not prevent him from being the judge of the law. So the jury is bound to accept and apply the law as declared by the court, but that does not prevent their being " judges of the law."

In Ford's case, 37 Ann. 465, this Court sustained the judge who had instructed the jury that while they were the judges of the law as well as of the facts, it was their sworn duty to follow the law as given to them by the court. In that connection the court said : " The best judicial authority is that the declaration to the jury that they are the judges of the law and of the facts must be followed by an explanation similar to that contained in the charge now under consideration." The same views were expressed by this Court in the recent case of the State vs. Hal. Mathews, decided at Shreveport, and not yet reported.

We must, and we shall, adhere to a rule which finds its sanction in logic and reason, as well as in law and jurisprudence, and which affords even-handed justice and equal protection to society as well as to individuals.

We entertain a reasonable hope that it will henceforth be accepted as the settled doctrine of our jurisprudence on the question of the powers of juries in criminal cases.

5th. Defendants finally complain that their case was called out of its fixed order on the trial docket. It appears from the bill that at the end of the jury week the judge ordered that cases in which the defendants were in actual custody should be advanced over those in which the parties were out on bond. The order finds ample commendation in the feeling of humanity which prompted it, as a boon to those who are now loudest in its condemnation. And we shall certainly not disturb such an order in the very case which illustrates its wisdom. The verdict of the jury affords the only rational explanation of the marked aversion of these defendants to a trial which came earlier than their wishes.

Surely, counsel cannot be serious in trying to induce an appellate tribunal to interfere with trial judges in the administration of the discipline and order of business in their own courts. They must understand that district judges are not mere ministerial officers, or much less children, whose every step must be traced and controlled by superior authority. The order complained of was manifestly within the limits of the judge's legal discretion. State vs. Duck, 35 Ann 764; State vs. Ford, 37 Ann. 459.

We find no error to the prejudice of the accused during the whole course of their trial.

Judgment affirmed.