## UNITED STATES v. ACHEN.

## SAME v. WEISS.

(District Court, E. D. New York.   March 31, 1920.)

No. 21873.

1. **Indictment and information ⊙⇒3—Offense not infamous may be prosecuted by information.**

   A proceeding against a defendant not charged with an infamous offense may be instituted by information.

2. **Indictment and information ⊙⇒41(1)—Finding by commissioner of probable cause not prerequisite to information.**

   Probable cause of guilt, sufficient to sustain the filing of an information, may be established by affidavit, so that such information may be filed without a finding of probable cause by commissioner, even though hearings before a commissioner are then pending, and he thereafter found want of probable cause.

3. **Indictment and information ⊙⇒3—National Prohibition Act does not require prosecution thereunder by indictment alone.**

   National Prohibition Act does not require prosecutions for violation thereof, which are misdemeanors not infamous, to be prosecuted by indictment alone, though title 2, § 2, of the act authorizes the Commissioner of Internal Revenue to conduct the prosecution at the committing trial to have the offenders held for the action of a grand jury.

4. **Indictment and information ⊙⇒133(5)—Information regular in form cannot be quashed on motion.**

   An information regular in form cannot be quashed on motion; the remedy of accused to have determined the question whether there was sufficient cause for filing the information being by plea in abatement or by motion to vacate the order granting leave to file.

Separate informations were filed against Louis Achen and David Weiss, charging them with violation of the National Prohibition Act. On motions by each defendant to quash the information.   Motions denied.

Leroy W. Ross, of Brooklyn, N. Y. (Charles J. Buchner, of Brooklyn, N. Y., of counsel), U. S. Atty., for the United States.

Bick, Godnick & Freedman, of Brooklyn, N. Y. (Louis R. Bick, of Brooklyn, N. Y., of counsel), for defendants.

GARVIN, District Judge.   A separate information was filed against each of the defendants, and each has moved to quash.   The same questions are raised by each motion.

[1]   The defendants were arrested, and, upon being admitted to bail, appeared before a United States commissioner for examination. Adjournments were had, and during the pendency of the proceedings, the United States attorney caused an information to be filed against each defendant.   It is claimed that this was improper.

In this district at least the practice of proceeding against a defendant, not charged with an infamous offense, by information, has been frequently followed.   It is supported by ample authority.   United States v. Maxwell, Fed. Cas. No. 15,750;   United States v. Tureaud (C. C.)

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

20 Fed. 621; United States v. Shepard, Fed. Cas. No. 16,273; Rider v. United States, 149 Fed. 164, 79 C. C. A. 112; United States v. Wells (D. C.) 225 Fed. 320; Compiled Statutes, § 1686.

[2] The defendants urge that they have a right to an examination and a finding by the commissioner that probable cause exists, and they rely upon the following excerpt from the opinion in the Shepard Case, supra:

"The other consideration concerns the necessary preliminary steps before the right to file a criminal information can be asserted. We incline to the opinion, and hold, that there must first be a complaint, supported by oath or affirmation showing probable cause, followed by an arrest and examination, agreeably to section 33 of the act of September 24, 1789. If the accused is held to bail or committed, the district attorney on filing the magistrate's or commissioner's return, with the proofs, will have leave to file a criminal information. This course would seem as nearly adapted to the method of procedure in these courts, and to our laws, as anything which suggests itself. It would certainly be quite foreign to any known practice in the United States courts to pursue the English practice of requiring a rule for the accused to show cause before the court, and there contest the question whether the evidence justified placing him upon trial. The right of the accused to contest the probable cause shown by the prosecution is secured to him on his examination before the commissioner or magistrate, under the complaint on which he was arrested."

To the same effect is the case of United States v. Baugh (C. C.) 1 Fed. 784. The opinion in the Shepard Case was rendered by a judge sitting in the District Court, and that in the Baugh Case by a judge sitting in the then Circuit Court. With respect to the former, Judge Benedict held (United States v. Ronzone, Fed. Cas. No. 16,192):

"The case of the U. S. v. Shepard, Fed. Cas. No. 16,273, was cited in support of the motion. That case is no authority for holding that an order to show cause and a hearing thereon is a necessary prelimini. to a proceeding upon information."

The Maxwell Case, supra, was decided by the Circuit Court, two judges concurring. The opinion was written by that eminent jurist, Judge Dillon, and the conditions to which he adverts make his observations peculiarly appropriate at the present time:

"We are of the opinion, therefore, that offenses not capital or infamous may, in the discretion of the court, be prosecuted by information. We cannot recognize the right of the district attorney to proceed on his own motion, and shall require probable cause of guilt to appear by the oath of some credible person before we will allow an information to be filed and a warrant of arrest to issue. But with these safeguards there is no more reason to fear an oppressive use of information than there is reason to fear an abuse of the powers of a grand jury. Where the accusation is a grave one, or where the charge seems to be doubtful, the court will refuse leave to file an information and compel the district attorney to lay it before a grand jury. But it is well known that the internal revenue laws have created a large number of minor offenses, many of them involving no moral turpitude, and that the cost of proceeding by a grand jury and the, delay are burdensome and inconvenient both to the government and the defendant. In this class of cases, most of which are not defended, great and unnecessary expense will be saved by proceeding by information, and we not only think the practice legal, but one which, in cases of this kind, should, with the restrictions above mentioned, be adopted, and encouraged rather than condemned." U. S. v. Maxwell, Fed. Cas. No. 15,750.

It seems to me that these conclusions should control. If I am correct, inasmuch as it appears that in each of the cases at bar the government made a showing by affidavit of probable cause, the objection that leave to file the information was properly granted cannot be upheld. In each of the cases before the court, a hearing was in progress before the commissioner when the information was filed, upon the conclusion of which the commissioner determined that there was not sufficient before him to justify holding the respective defendants. However that may be, the proof by affidavit submitted to the court in each case amply justified a holding that probable cause had been shown.

It is urged in behalf of the defendants that, once a proceeding is begun before a commissioner, the government can take no other action until a determination has been made by the commissioner, and the defendant either held to bail or discharged. If that were the law, a commissioner's illness, absence, inadvertence, inability to reach a conclusion, or reluctance or arbitrary refusal to render a decision, would result in prosecutions being unreasonably and unnecessarily delayed. If a commissioner holds that there is a lack of probable cause, the United States attorney may nevertheless submit a charge to a grand jury, and no reason appears why under like circumstances (when the charge is a misdemeanor) he may not ask leave to file an information. If the court finds probable cause to exist, every requirement has been met.

[3] The defendants assert, also, that a prosecution for the offenses here involved—i. e. violations of the National Prohibition Act (41 Stat. 305)—must be by indictment. It is true that section 2 of title 2 of the act provides:

"The Commissioner of Internal Revenue, his assistants, agents, and inspectors shall investigate and report violations of this act to the United States attorney for the district in which committed, who is hereby charged with the duty of prosecuting the offenders, subject to the direction of the Attorney General, as in the case of other offenses against the laws of the United States; and such Commissioner of Internal Revenue, his assistants, agents, and inspectors may swear out warrants before United States commissioners or other officers or courts authorized to issue the same for the apprehension of such offenders, and may, subject to the control of the said United States attorney, conduct the prosecution at the committing trial for the purpose of having the offenders held for the action of a grand jury. Section 1014 of the Revised Statutes of the United States is hereby made applicable in the enforcement of this act. Officers mentioned in said section 1014 are authorized to issue search warrants under the limitations provided in title XI of the act approved June 15, 1917 (Fortieth Statutes at Large, page 217 et seq.)."

A violation of the act is a misdemeanor, and in the absence of any intent on the part of Congress to require all prosecutions under the act to be by indictment, except as such intent may appear in the foregoing section, it does not seem to me that there is justification for holding that Congress has shown a purpose to abolish the long established practice of proceeding by information against a defendant not charged with an infamous offense. This section seems to me to be merely intended to secure the enforcement of the law by providing that the investigation of violations shall be under the direction of the Commis-

sioner of Internal Revenue and prosecutions therefor conducted by the several United States attorneys.

[4] In any event the motions now before the court cannot be granted, for, where an information is regular in form, it cannot be quashed on motion. If a defendant contends that there was in fact no sufficient preliminary examination, and no sufficient cause existed for filing the information without a preliminary examination, his remedy is either by a plea in abatement (State v. Finley, 6 Kan. 366), or by a motion to vacate the order granting leave to file the information (U. S. v. Reilly [C. C.] 20, Fed. 46).

Each motion is denied.