## YAFFEE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1921.)

No. 3548.

1. **Indictment and information** ⟨⟩3—**Unlawful sale may be prosecuted by information "infamous crime."**

The offense of selling liquor is not an "infamous crime" within the meaning of the Fifth Constitutional Amendment, and may be prosecuted by information.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Crime.]

2. **Indictment and information** ⟨⟩42—**Information may be filed against person under bond for appearance before grand jury.**

The fact that a person has been arrested and bound over and is under bond for his appearance before the grand jury does not affect the right of the district attorney to file an information against him for the same offense.

3. **Criminal law** ⟨⟩1149—**Leave to file information within discretion of court.**

The granting of leave to a district attorney to file a criminal information is within the discretion of the court, and its order is reviewable only for abuse of discretion.

4. **Indictment and information** ⟨⟩40—**Leave to file information not invalid because affidavit was made before notary public.**

An order of a federal court granting leave to file an information *held* not invalid because the affidavit on which it was made was sworn to before a notary public; no objection to the affidavit having been made.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Criminal law ☞1044—Order granting leave to file information may not be first attacked in appellate court.**

That the testimony on the trial of the person on whose affidavit an order granting leave to file an information was based disclosed that he had no personal knowledge of the facts therein stated *held* not reviewable where no motion for its revocation was made in the trial court.

6. **Criminal law ☞695(2), 697—Objection and exception to admission of evidence must be specific.**

An objection and exception to the admission of evidence must be sufficiently definite to inform the court of the precise thing to which the objection relates and the precise ruling complained of.

7. **Intoxicating liquors ☞223(6)—Evidence of sale by defendant's bartender held admissible.**

Under an information charging an unlawful sale of whisky by defendant, the admission of evidence that the sale was made by another *held* not error, where there was evidence that such other was defendant's bartender, and tending to show that defendant delivered the whisky to the bartender and had full knowledge of the sale.

8. **Criminal law ☞1059(2)—Instructions will not be reviewed except on specific exceptions.**

Exceptions to the charge must be specific, and a general exception will not be considered by the appellate court except where there is manifest error upon a question vital to defendant.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Criminal prosecution by the United States against George Yaffee. Judgment of conviction, and defendant brings error. Affirmed.

On the 2d day of October, 1920, the United States attorney for the Southern district of Ohio, having first obtained leave for that purpose from the United States District Court for the Southern District of Ohio, Western Division, filed in that court an information, the first count of which charged George Yaffee with unlawfully selling and furnishing intoxicating liquor. The second count charged him with unlawful possession of intoxicating liquor.

For the purpose of obtaining leave from the court to file such information and in support thereof, the district attorney also filed the affidavit of W. J. Meininger, a federal prohibition agent, which affidavit stated that the affiant had actual personal knowledge as to the truth of the matters and things set forth in the information, and that the information is true in substance and fact.

The defendant George Yaffee thereupon filed a motion to strike this information from the file for the reason "that the filing of the information herein was contrary to law, in that, as the punishment for the offense may include imprisonment, no information or leave to file can be legally secured, without notice of the intention to file such information has been given the defendant." This motion was overruled by the court, to which ruling the defendant then and there excepted.

Defendant thereupon filed another motion to dismiss this information, which motion reads as follows: "And now comes the defendant and represents to the court that he was during the present term of this court arrested on the same charge which the present information calls upon him to answer and stand trial upon, and that said arrest was before Hon. Joseph Alder, late commissioner of this court, and that he was bound over to the grand jury, and gave bond to await the action of the grand jury, that said grand jury has neither returned an indictment nor ignored said charge, and that the information filed herein, was filed without notice to him, and he hereby moves the court to dismiss all proceedings under said information for the following

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cause: that the filing of said information was without authority of law and contrary to law; that the court has no jurisdiction to hear and determine said charge until after the grand jury has made its final report to this court." This motion was also overruled by the court, to which ruling the defendant then and there excepted. The defendant thereupon entered a plea of not guilty.

Upon the issue joined by the information and the plea the jury found the defendant guilty in manner and form as charged in the first count. A motion for new trial was overruled, and sentence was pronounced against the defendant.

Harry Hess, of Cincinnati, Ohio (Harry Hess, of Cincinnati, Ohio, on the brief), for plaintiff in error.

R. T. Dickerson, Asst. U. S. Atty., of Cincinnati, Ohio (James R. Clark, U. S. Atty., of Cincinnati, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] The first motion to dismiss was properly overruled by the District Court for the reason that the offense charged in the information is not a capital or infamous crime, but is merely a misdemeanor for which, under the provisions of Amendment 5 of the federal Constitution, the accused may be prosecuted other than upon presentment or indictment by a grand jury. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; U. S. v. Lindsay-Wells Co. (D. C.) 186 Fed. 248; U. S. v. Quaritius (D. C.) 267 Fed. 227; U. S. v. Achen (D. C.) 267 Fed. 595; U. S. v. Baugh (C. C.) 1 Fed. 784-787.

[2] There is no averment in the second motion to dismiss the information that the grand jury was in session at the time the information was filed. However, it does appear, if that fact is important, that this information was filed on the 2d day of October, 1920. and that the grand jury was not impaneled until October 5th of that year. State v. Anderson, 252 Mo. 83, 158 S. W. 817.

The fact that defendant was arrested on a complaint before the information was filed is no ground for dismissing the information. Evans v. State, 36 Tex. Cr. R. 32, 35 S. W. 169. Nor, in the absence of a statute to the contrary, is the right to file an information affected by the fact that the grand jury is in session. State v. Cole, 38 La. Ann. 843.

The right of the district attorney to file an information is not an absolute or unqualified right. Before doing so he must secure leave of the court.

[3] Where it appears to the court by the affidavit filed therewith by the district attorney that probable cause exists for the filing of such information, the court in its discretion may grant such leave, and its order cannot be reversed except for an abuse of discretion. This motion presents no question of abuse of discretion, but, on the contrary, it is based upon the theory that the court, upon the state of facts then existing, had no authority to exercise any discretion, and that the filing of this information was without authority of law and contrary to law.

In the prosecution of an offense other than an infamous crime, the accused has no constitutional right to object to a prosecution by information instead of by indictment. The order of the commissioner discharging the accused or the failure of the grand jury to indict would not prevent the district attorney from filing an information charging the same offense charged in the complaint before the commissioner and investigated by. the grand jury. The defendant of course, cannot twice be put in jeopardy for the same offense, but the defendant is fully protected in that right even though a grand jury should return an indictment against him for the same offense before or after the trial upon the information. Therefore the filing of an information at any time in the course of a criminal prosecution, either while a hearing upon a complaint charging the same offense is pending before the commissioner or after such hearing and before indictment by. the grand jury or after a demurrer has been sustained to an indictment by the grand jury, cannot possibly prejudice the rights of the accused to a fair, speedy, and impartial trial. U. S. v. Achen, supra; Evans v. State, supra; State v. Cole, supra; U. S. v. Quaritius, supra.

For the reasons above stated, the overruling of the second motion to dismiss the information must be affirmed.

[4] It is now insisted, however, that the affidavit filed in support of the information and for the purpose of obtaining leave to file the same was verified before a notary public, and that under the laws of the United States a notary public has no authority to administer any oaths in connection with criminal prosecution.

Neither of the motions presented by the defendant to dismiss this information raised this objection to the affidavit, nor does it appear that any objection was made by the accused to the verification of this affidavit before verdict or sentence.

This identical question was answered by this court in the case of Simpson v. U. S., 241 Fed. 841, 154 C. C. A. 543, and it is wholly unnecessary to repeat here the reasons stated by Knappen, Circuit Judge, speaking for the court, for the conclusions reached in that case upon this question.

[5] W. J. Meininger, who subscribed and swore to the affidavit filed with the information in this case, was also called by the government as a witness in this case. It is claimed on behalf of the plaintiff in error that it appears from the oral evidence of this witness that he had no actual personal knowledge as to the truth of the matters and things set forth in the information, and that therefore the statement in the affidavit that he had such knowledge was false, and for that reason the court ought not to have permitted the filing of the information. This objection, even if it were a valid one, like the objection to the official capacity of the officer taking the affidavit, comes too late. The affidavit as filed met every requirement of the law, and the court had authority upon the statements contained in that affidavit to grant leave to file the information. If in the course of the trial it appeared from the evidence of the same witness that he had no personal knowledge of the facts at the time he made and subscribed to this

affidavit, then it was the duty of the defendant to call this to the attention of the court and move the court to revoke the leave granted to file the information and dismiss the prosecution.

Such a motion would have secured a finding by the court whether there was in fact any substantial conflict between the oral evidence of the witness and the statements contained in his affidavit, and an order and ruling based upon that finding. This the defendant did not do. Therefore this record presents no order or ruling of the trial court upon this question subject to review and reversal in this case.

[6] The plaintiff in error also asks a reversal of this conviction and sentence for error of the court in admitting in evidence the bottle and contents which the evidence tends to prove was purchased by Richter from the plaintiff in error, or rather from his barkeeper, Wesley Kellum, for the reason that the bottle at that time had a label pasted thereon which contained certain statements written by the witness for the purpose of identification. The record upon this question is as follows:

"Mr. Dickerson: I wish to introduce the bottle and contents in evidence
"Mr. Hess: Object.
"The Court: Overruled.
"Mr. Hess: Exception."

An objection and exception must be sufficiently definite to inform the court of the precise thing to which the objection relates and the precise ruling complained of. U. S. v. Fidelity Co., 236 U. S. 512-529, 35 Sup. Ct. 298, 59 L. Ed. 696.

A litigant cannot be permitted to trifle with a court and thereby secure a new trial upon questions not fully and fairly presented by the objection and exception. The objection in this case was a general objection to the admission of the bottle and contents in evidence. There was nothing in the objection to suggest to the court that the objection was based upon the label attached to the bottle. If the court's attention had been directed to this label, it would probably have ordered that it be removed before the bottle and contents were admitted in evidence, and, if it had failed to do so, then the question would have been fairly presented to the trial court, and a ruling obtained thereon, the correctness of which ruling could be determined by a reviewing court. Evidence had been offered tending to prove that this bottle and its contents were purchased from the defendant through his bartender Kellum; that the contents of this bottle was 45 per cent. alcohol or 90 proof whisky. The objection was directed solely to the admission of this bottle and contents, and not to the label on the bottle, and therefore was properly overruled.

[7] The objection to evidence tending to prove that the sale of intoxicating liquor to Richter was actually made by Wesley Kellum, because the information charges that the sale was made by the defendant George Yaffee, is without merit. There is evidence in this record tending to prove that Kellum was the bartender for Yaffee, that Yaffee not only had full knowledge that the sale was made, but

that he procured and delivered the whisky to Kellum to make this sale. It would seem unnecessary to say that, if the jury believed this evidence, then it follows that the authorized acts of Yaffee's agent or bartender were the acts of his principal. Even if Yaffee were not the principal, but merely aided and abetted Kellum in the commission of the crime charged, this evidence would be competent as tending to prove defendant guilty of the unlawful sale of intoxicating liquors in manner and form as charged in the information.

[8] Exceptions to the charge of a court must be specific. Gardner v. U. S., 230 Fed. 575, 144 C. C. A. 629. A general exception will not be considered by the court except where there is manifest error in the charge upon a question vital to defendant. Tucker v. U. S., 224, Fed. 833–841, 140 C. C. A. 279. The case presented does not require the exercise of this extraordinary authority.

For the reasons stated, the judgment of the District Court is affirmed.