## REMUS v. UNITED STATES, and seven other cases.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1923.)

### Nos. 3862–3869.

1. **Indictment and information ⬅3—Maintenance of nuisance under National Prohibition Act can be prosecuted by information.**

    The offense of maintaining a nuisance in violation of National Prohibition Act, tit. 2, § 21, is a misdemeanor, and the penalty provided by section 32 for that offense is not infamous punishment, so that the offense is one which may be prosecuted on information.

2. **Criminal law ⬅1115(1)—Record held not to present question of sufficiency of affidavit to support information.**

    Where the only attack on the sufficiency of the affidavit to support the information was that it was based on information obtained by an illegal search, and the court had determined that question adversely to defendants after a hearing of evidence offered in support of the motion to set aside the leave granted to file the information, the record does not present on writ of error the question of the sufficiency of the affidavit.

3. **Criminal law ⬅695½—Denial of preliminary hearing to determine what evidence was illegally obtained held not abuse of discretion.**

    Where the trial court sustained defendants' motion to exclude all evidence obtained by means of an illegal search warrant, and was of the opinion that a hearing to ascertain what evidence had been so obtained was unnecessary, it was not an abuse of the court's discretion to deny such hearing and reserve to the defendants permission to object to any such evidence, if offered by the district attorney in disobedience of the order of the court.

4. **Criminal law ⬅1032(5)—Insufficiency of information to state offense not presented to trial court can be considered.**

    Though the contention that an information failed to state an offense punishable under the laws of the United States was not presented to the trial court, a sentence could not lawfully be imposed on a verdict of guilty as charged in such information.

5. **Intoxicating liquors ⬅213—Description of premises on which nuisance was maintained held sufficient.**

    An information describing the premises on which a nuisance was maintained, so far as it could be located by public roads, streets, streams, and other fixed monuments, and alleging that the premises were known as "the Dater farm, otherwise known as the Death Valley farm," was a sufficient description of the premises, and under it the government was required to prove the premises were known by those names to the public generally.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

291 F.—33

**6. Intoxicating liquors ⚖➔213—Allegation premises were known as certain mail box held not to invalidate information.**

In an information for maintaining a liquor nuisance an allegation that the premises were designated as a certain United States mail box does not allege that the mail box itself was the premises, but such allegation was pertinent and proper as further description of the premises, and as an aid in locating the, same.

**7. Intoxicating liquors ⚖➔213—Information held sufficient to charge nuisance in violation of Prohibition Act.**

An information charging that defendants maintained on the premises described a place where intoxicating liquor was manufactured, sold, kept, and bartered for beverage purposes, in violation of National Prohibition Act. tit. 2, and especially in violation of section 21 of that title, was a sufficient averment that defendants had committed the particular acts which are declared by the section referred to to constitute the maintenance of a common nuisance.

**8. Intoxicating liquors ⚖➔2½, New, vol. 8A Key-No. Series—Congress has power to declare place for illegal sale a nuisance.**

Since the states previously had authority to declare a place kept and maintained for illegal manufacture and sale of liquors a common nuisance, Congress, in the exercise of the powers granted by Const. Amend. 18, has the same authority.

**9. Indictment and Information ⚖➔169—On charge of joint enterprise any evidence tending to prove co-operation in commission of offense is admissible.**

Though defendants were not charged with a conspiracy to commit an offense, if the information charged them with a joint unlawful enterprise, any evidence tending to prove the activities and co-operation of defendants in the commission of the offense charged was admissible.

**10. Intoxicating liquors ⚖➔167—Those not in control of premises may be guilty of maintaining nuisance thereon.**

A conviction for maintaining a common nuisance on designated premises, contrary to National Prohibition Act, tit. 2, § 21, may be had against defendants other than the one in actual control of the premises designated, if they co-operated in maintaining the nuisance thereon, and, if any did not participate in the actual maintenance, they still might be convicted under Pen. Code, § 332 (Comp. St. § 10506), as aiders and abettors.

**11. Crimial law ⚖➔753(2)—Motion for directed verdict admits evidence of government.**

A motion for directed verdict in a criminal case necessarily admits the truth of the government's evidence for the purposes of the motion, and it was properly overruled, if the government offered substantial testimony tending to prove every material allegation in the information as against each one of the defendants.

In Error to the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge.

George Remus, Harry F. Brown, George Connors, John Gehrum, George Dater, Charles Wissman, Elmer Roth, and George Gillenbeck were convicted of maintaining a nuisance in violation of the National Prohibition Act, and they separately bring error. Affirmed.

Elijah N. Zoline, of New York City, Arthur B. Bensinger, of Louisville, Ky., Edward P. Moulinier, of Cincinnati, Ohio, Chester H. Krum, of St. Louis, Mo. (Leonard Garver, Jr., and David Lorbach, both of Cincinnati, Ohio, on the brief), for plaintiffs in error.

⚖➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thos. H. Morrow and Richard T. Dickerson, Sp. Asst. Attys. Gen. (Benson W. Hough, U. S. Atty., of Cincinnati, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiffs in error, hereinafter called the defendants, were prosecuted upon an information charging them with the maintenance of a nuisance in violation of section 21 of title 2 of the National Prohibition Act (41 Stat. 314). Defendants moved the court to set aside its order theretofore made granting leave to the district attorney to file this information, for the reason that it was filed upon the affidavit of Mary Hubbard; that knowledge of the facts disclosed in her affidavit was obtained as the result of a search made under the purported authority of an illegal search warrant of the premises described in the information; that the court, if it over-ruled this motion, would preclude the United States in offering in evidence on the trial of the cause the articles obtained under such search warrant, and the use of any information derived from and through said illegal raid as such. The defendants further moved the court that, in event the first prayer of the motion was not granted and the second was granted, the court conduct a preliminary hearing for the purpose of ascertaining whether any evidence proposed to be offered against the defendants on the trial of the cause had been obtained by reason of such illegal raid and search of said premises.

The court, upon consideration of the evidence introduced upon the hearing of this motion, refused to set aside the order granting leave to file the information, but sustained that part of the motion for an order excluding evidence obtained under the search warrant. The alternative prayer to conduct a preliminary hearing to determine what evidence or information had been obtained by the search and seizure under this alleged illegal search warrant was refused. Upon this proposition the court said:

"I have sustained the objection to the search warrant evidence. It will not be admitted in evidence. I know that the district attorney will not attempt to offer it in evidence, directly or indirectly. It will be time enough to pass upon the competency of any such evidence when it is presented, if any is presented, and I am sure none will be presented."

Pleas in abatement and pleas of former jeopardy were also filed, all of which were overruled. A motion for a continuance was overruled, except as to Edward Kunkel, one of the defendants, who was granted a separate trial. The jury returned a verdict of guilty against each and all of the defendants other than Edward Kunkel, and separate sentences were imposed.

[1] It is insisted upon the part of the defendants that, under the Fifth Amendment to the federal Constitution, the offense charged in this information could not be prosecuted otherwise than upon presentment or indictment by a grand jury. This information charged the defendants with the maintenance of a nuisance in violation of the provisions of section 21, tit. 2, of the National Prohibition Act. The offense charged is a misdemeanor, and the penalty provided is not in-

famous punishment. Young v. U. S. (C. C. A.) 272 Fed. 967; Feigin v. U. S. (C. C. A.) 279 Fed. 107; Vesely v. U. S. (C. C. A.) 276 Fed. 693; section 32, tit. 2, National Prohibition Act.

This court has had occasion to consider and determine this question in Falconi et al. v. U. S., 280 Fed. 766. It is unnecessary to discuss it further in this opinion. For the reasons there stated, the offense charged against these defendants is one that may be prosecuted upon an information.

[2] It is also insisted that the court erred in overruling the defendants' motion to set aside the leave granted to file the information. No question was presented to the trial court as to the sufficiency of the affidavit of Mary Hubbard upon which leave was granted by the court to file this information. On the contrary, the only objection thereto was that the information contained in this affidavit was obtained as the result of an illegal raid made upon an illegal search warrant. That question was heard and determined upon the evidence. This record, therefore, does not present the question of the sufficiency of the Hubbard affidavit. Yaffee v. U. S. (C. C. A.) 276 Fed. 497.

[3] The court, having sustained that part of the defendants' motion asking for the exclusion of all the evidence and exhibits obtained by the government through the search made under the alleged illegal search warrant, and being of the opinion that a hearing to ascertain whether evidence had been obtained by means of an illegal search was unnecessary, did not abuse its discretion in denying such hearing and reserving to the defendants permission to object to any such evidence, if offered by the district attorney in disobedience of the order entered by the court that no such evidence should be presented. Under the ruling of the court excluding this evidence, the question of the validity of the search warrant is unimportant; nevertheless, what has been said by this court in the opinion this day filed in the several error proceedings (291 Fed. 501) in the conspiracy case (Nos. 3848 to 3861, inclusive) in reference to the competency and admissibility of this evidence, as against the defendants other than Gehrum, has equal application to the facts in this case.

[4] It is also claimed that this information fails to state an offense punishable under the laws of the United States. This question was not presented to the trial court, nevertheless, it follows that a sentence cannot be imposed upon a verdict of guilty as charged in the information or indictment, if the information or indictment does not state an offense punishable under the laws of the United States. Sonnenberg v. U. S. (C. C. A.) 264 Fed. 327.

[5] The first objection to this information is that the premises upon which the defendants are charged with having maintained a nuisance are not sufficiently described. This information, however, does specifically locate the premises, in so far as it can be located by public roads, streets, streams, and other fixed monuments, and also further alleges that these premises are known "as the Dater farm, otherwise known as the Death Valley farm." This was a sufficient description to advise the defendants of the exact premises upon which they were charged with having maintained a nuisance. The burden, of course, was upon

the government to prove that these premises were known to the public generally as the "Dater farm" and "the Death Valley farm," the truth of which allegation was put in issue by pleas of not guilty.

[6] The further allegation, "Said premises being designated as United States mail box No. 119 in said city of Cincinnati," is not subject to the absurd contention urged by defendants, that it charges the nuisance was maintained in the mail box. On the contrary, it is alleged that the premises upon which the nuisance was maintained was designated as "United States mail box No. 119 in said city of Cincinnati," and not that the mail box itself was the premises. This allegation is pertinent and proper as descriptive of the premises, and as an aid in locating the same by any person not familiar with the "Dater farm" or the "Death Valley farm" by either of these names.

[7] It is also insisted that the information fails to state facts constituting a common nuisance. The information avers that the defendants maintained on the premises described:

"A place where intoxicating liquor was manufactured, sold, kept and bartered for beverage purposes in violation of title II of the National Prohibition Act, and especially in violation of section 21 of title II of said act."

This is sufficient averment that defendants had committed the particular acts which as declared in section 21 of title 2 of the National Prohibition Act, constitute the maintenance of a common nuisance. Herine v. U. S. (C. C. A.) 276 Fed. 807; Young v. U. S., supra; Feigin v. U. S., supra; Vesely v. U. S., supra.

[8] It is further contended that Congress has no power to declare what shall constitute a nuisance merely because such is the will of Congress. For the purposes of this case it may be conceded that the legislative authority of a state or of the federal government has no power to declare that to be a nuisance which is clearly not so; nevertheless, it was held by the Supreme Court of the United States in Mugler v. Kansas, 123 U. S. 624, 8 Sup. Ct. 273, 31 L. Ed. 205, that a state has the constitutional power to declare that "any place kept and maintained for the illegal manufacture and sale of intoxicating liquors shall be deemed a common nuisance." It follows that Congress, in the exercise of the specific power granted by the Eighteenth Amendment, has the same authority as the legislative power of a state, in so far as such legislation pertains to the enforcement of that constitutional amendment.

[9] A great number of assignments of error are directed to the admission of evidence. It is unnecessary to discuss these assignments in detail. They are all based upon the theory that the evidence offered over the objection of the defendant was incompetent and irrelevant to prove the material elements of the offense charged. This information charges these defendants with a joint unlawful enterprise. While the defendants are not charged with a conspiracy to commit this offense, nevertheless, any evidence tending to prove the activities and the co-operation of these defendants in the commission of the offense charged was admissible.

[10] All the evidence offered by the government and admitted over the objection of the defendants tended to prove the connection and

participation of one or more of the defendants in the commission of the offense charged. It is claimed, however, that these defendants could not all have been guilty of maintaining a nuisance, because they were not all in possession and control of the premises. This position is not tenable. Two or more individuals may join in the maintenance of a nuisance of this character upon premises owned, occupied, and controlled by one of them. If the proof shows that each contributed property, money, or service necessary to the commission of the offense —that is to say, if one furnishes the premises, another the intoxicating liquor, another delivers it to the premises, another stands guard, another receives and stores the liquor, and still another sells the same, all may be equally guilty as principals in maintaining a public nuisance under the provisions of section 21 of title 2 of the National Prohibition Act; but, if any one of these defendants was not shown to have participated in the actual "maintenance," he still might be subject to conviction by virtue of the provisions of section 332 of the Penal Code (Comp. St. § 10506) with reference to aiders and abettors, and no exceptions were taken to the charge of the court by which the provisions of that section were applied to the facts of this case.

[11] A motion for a directed verdict necessarily admits, for the purposes of the motion, the truth of the evidence offered on behalf of the government. It is apparent from this record that the government offered substantial testimony tending to prove each and every material allegation in the information, as against each and every one of the defendants, and for that reason the motion for a directed verdict was properly overruled.

For the reasons stated, the judgment of the District Court is affirmed.