## UNITED STATES v. YOUNG.
### No. C-27776.

District Court, E. D. New York.

Jan. 5, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

William A. DeGroot, of Brooklyn, N. Y., for defendant.

802

BYERS, District Judge.

Motion to quash an indictment, and to suppress and withhold evidence upon the grounds that the search and seizure by which the evidence was obtained were illegal and in violation of the constitutional rights of the defendant, and that the evidence obtained and anything occurring in connection therewith are incompetent and should be suppressed, and that the arrest and search and seizure were without probable cause.

It appears that, on September 6, 1930, a police officer of the city of New York, being in front of the cigar and candy store at premises No. 210-05 Northern Boulevard, Bayside, Queens county, in this district, in the performance of his duty, and having arrested the proprietor of the candy store, one George Kane, for violation of law, observed the above-named defendant, Charles Young, drive up to the store in a Chevrolet coach, which stopped in front of the store, and observed the said defendant get out of the car, carrying two packages wrapped in brown paper, and walk into the store to the rear where he deposited the packages and turned toward the entrance and was about to leave, when the officer, displaying his badge, asked the defendant what was in the packages, and the defendant said whisky and gin.

The officer then examined the packages, and found that they were bottles of gin labeled "Piccadilly" and bottles of whisky labeled "Golden Wedding." The officer sampled and tasted the contents of a bottle of each, and ascertained to his own satisfaction that they were correctly labeled, and that the respective contents contained more than one-half of 1 per cent. of alcohol by volume and were fit for beverage purposes.

He then placed the defendant under arrest, and walked to the car in which the defendant had arrived, and searched the same, and, under the rear seat, found a package containing twelve pints of whisky.

The defendant was arraigned before the United States Commissioner on October 3, 1930, and it is alleged in the moving affidavit, and not denied, that, pending the hearing before the United States Commissioner, no information for the appearance of the defendant for pleading was filed, and no presentation of the case to the grand jury was had, and that, at no time prior to the hearing and the decision of the United States Commissioner, was either an information filed or an indictment sought.

On October 10, 1930, the Commissioner dismissed the complaint, and the record of his decision is as follows:

"The Commissioner: In this case I find that in the absence of probable cause, which the government failed to show, the attempt on the part of the officer to exact an incriminating admission from the defendant, as to the contents of the package, is a violation of his constitutional rights.

"The learned United States District Attorney's contention that the officer's suspicion can be confirmed by such an admission, is without support in the recorded cases.

"The complaint is dismissed."

An indictment against this defendant was filed on November 18, 1930, charging the defendant with the possession and transportation of intoxicating liquor in violation of the National Prohibition Law (27 USCA).

Two grounds are urged for the granting of the motion:

█ The first, as stated in the brief of counsel for the defendant, is that this court should recognize the jurisdiction of the Commissioner to determine officially the question of probable cause where there seems to be no doubt about the well-settled rules by which he interpreted the defendant's constitutional rights, and the court should recognize the Commissioner's right to determine that question as clearly as if it were made by a judge of this court.

No authority is stated to support this view, and it is opposed by a statement of the law made in this District by Judge Garvin in the case of U. S. v. Achen, 267 F. 595, at page 597, wherein the following language is employed: "It is urged in behalf of the defendants that, once a proceeding is begun before a commissioner, the government can take no other action until a determination has been made by the commissioner, and the defendant either held to bail or discharged. If that were the law, a commissioner's illness, absence, inadvertence, inability to reach a conclusion, or reluctance or arbitrary refusal to render a decision, would result in prosecutions being unreasonably and unnecessarily delayed. If a comissioner holds that there is a lack of probable cause, the United States attorney may nevertheless submit a charge to a grand jury, and no reason appears why under like circumstances (when the charge is a misdemeanor) he may not ask leave to file an information. If the court finds probable cause to exist, every requirement has been met."

The second ground for the motion has to do with the alleged illegality of the search and seizure, and sufficient answer to this objection lies in a consideration of the facts as above related. The defendant stated, in answer to the question of the police officer, that the packages which he carried were whisky and gin, and, if the officer had not arrested him for the very apparent violation of the provisions of law touching possession and transportation, he would have been derelict in his duty, because both offenses were committed in his presence. Therefore the search of the vehicle was reasonable.

Motion denied.

Settle order on two days' notice.